CHRISTOPHER W. SPALDING, Appellant, v. ADOLPHUS MEIER, JOHN C. RUST, AND THEODORE G. MEIER, Respondents.

*Practice — Entries — Attorneys.* — It is the duty of attorneys to see that the proper entries of the action of the court are made by the clerk. Where the attorneys had agreed that a motion for new trial should be continued until the next term, and so stated to the court, which did not dissent, and subsequently the motion was called up and overruled; and the plaintiff, at the next term, filing a motion, based upon affidavits setting forth the facts, to set aside the entry overruling the motion and to have the proper entry made,—the Supreme Court directed the entry to be set aside as irregular, on the ground that the hearing of the motion had been continued, and ordered that the entry of continuance should be entered *nunc pro tunc*, and that the motion should be regularly heard.

*Appeal from St. Louis Law Commissioner's Court.*

*R. L. Farnsworth*, for appellant.

*A. M. Gardner*, for respondents.

HOLMES, Judge, delivered the opinion of the court.

This is an appeal from the Law Commissioner's Court, not taken at the same term at which the final judgment was rendered. It appears that at the next term afterwards the plaintiff's attorney filed a motion, supported by his own affidavit, praying the court to set aside the entry of record of the previous term overruling the motion for a new trial, for the reason that it had been agreed between counsel that the motion should stand continued to the next term, with leave to file affidavits in support of it; that this understanding was announced in open court, and that the court did not dissent, and that the attorney of the plaintiff went away supposing it had been continued, but there was no entry by the clerk of the continuance; and when afterwards, at the same term, the motion came up for a rehearing in the absence of the plaintiff's counsel, it was overruled, and so entered. This application was overruled, a bill of exceptions filed, and an appeal taken to this court at the second term.

Spalding v. Meier et als.

If there had been no irregularity in the record entries of the previous term or in the action of the court, or if it were merely a case of negligence on the part of the attorney, there would be no ground on which the court below could have' been required to grant this motion, or on which this court could interfere for his relief. The court below does not appear to have been satisfied that there was any such irregularity as would justify it in granting the application. The affidavit does not go so far as to say that the court had expressly directed a continuance of the motion, but only that the judge did not dissent to the arrangement the counsel had made. Attorneys should be a little more certain of the action of the court, and ought to see that the proper entries are made by the clerk. The facts stated on the affidavit are not denied by the other attorney. It would seem to be very probable that the misunderstanding arose from the failure of the clerk to enter the continuance as agreed upon. The plaintiff's attorney may be considered as having been in some fault that he did not furnish the clerk with a memorandum of the entry to be made, or, at least, see that the proper entry was made; but it can hardly be said that there was such negligence in this that the rights of the party represented ought to be sacrificed. For the opposite party to insist upon an advantage gained in this manner would nearly amount to a fraud upon his adversary. It was said in Stout v. Lewis, 11 Mo. 438, that "surely, the neglect of the counsel of the party against whom the judgment was rendered, should not have induced the court to let the opposite party perpetrate a gross fraud."

We think it may fairly be inferred that a continuance of the motion was granted, and that the entry of the continuance was omitted by mistake or oversight. In such case, the overruling of the motion for a new trial, at the same term, may be deemed an irregularity, contrary to the rules and practice of the court, on which a writ of error *coram nobis* would lie, and an error which the court could correct

at a subsequent term, or an irregularity, as distinguished from an erroneous final judgment—Stacker v. Cooper Circuit Court, 25 Mo. 401; Doan v. Holly, 27 Mo. 256.

The plaintiff appears to have had a meritorious cause of action. The court had instructed the jury that, on the evidence before them, the plaintiff was not entitled to recover. We think the evidence was sufficient to make out a *prima facie* case for the plaintiff, and that this instruction was erroneous. Not to grant a new trial, or to overrule this application for a hearing on his motion for a new trial, would be to deprive the party of all remedy. Under the special circumstances of the case, we think the purposes of justice would be answered by setting aside the entry of the overruling of the motion for a new trial at the preceding term, and directing an entry of a continuance *nunc pro tunc*, and allowing the motion for a new trial to come to a hearing.

Judgment reversed, and the cause remanded. The other judges concur.