————O————

THOMAS BRESNEHAN, Appellant, *vs.* THOMAS D. PRICE, Assignee of TOOEY & SALISBURY, and THE CONSTABLE OF BROOKFIELD TOWNSHIP, Respondent.

1. *Injunction—Fraud—Unfair advantage gained by, in law court—Equity will interfere.*—Nothing is better settled than that, where by mistake or fraud, a party has gained an unfair advantage in proceedings in a Court of law, which must operate to make the Court an instrument of injustice, as where default was taken after other arrangements had been made between counsel for the disposition of the case, courts of equity will interfere and restrain him from reaping the fruits of the advantage thus gained.

*Appeal from Linn Common Pleas.*

*S. P. Huston*, for Appellant.

*C. L. Dobson and G. W. Easley*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

It is very clear to my mind that the court below erred in dissolving the temporary injunction and then giving final judgment against the plaintiff, without hearing his evidence on the merits. The plaintiff sought to enjoin the collection of a judgment rendered before a justice of the peace, until his rights could be determined and passed upon. The facts show substantially, that Price the defendant here, was the assignee of the firm of Tooey & Salisbury, and as such, had an account against plaintiff; that the firm continued, to wind up the business as agents of Price, and that suit was brought upon the account. On the return day of the summons, plaintiff appeared with his witnesses to make his defense, alleging that the account was paid off. Salisbury approached him and it was mutually agreed between them that the matter should be submitted to arbitration on the next Tuesday. Salisbury then had the case continued before the justice, but plaintiff swears that it was his understanding that the case was to be dismissed; and from all the surrounding facts, I have no doubt such was the case. On the following Monday, the day preceding the Tuesday fixed for the arbitration, plaintiff was taken sick and confined to his bed for about a week, and was unable to be out. On Tuesday he sent his son to inform Salisbury of the fact that he was sick and could not be present at that time. Salisbury was absent but his son saw Tooey, his partner, and informed him of his father's sickness and requested him to tell Salisbury when he came back. It does not appear however that he did so. On the succeeding Saturday, the day to which the cause had been continued, Salisbury appeared before the justice and took judgment by default. On Tuesday or Wednesday thereafter, as soon as the plaintiff could be out according to his testimony—and it is not contra-

dicted—plaintiff went to town to see Salisbury, who as he testified evaded him, and coming across Price he was informed that judgment had been taken against him—which was the first he knew of it. He immediately went to take an appeal, and found he was too late, eleven days having elapsed. In his petition he stated that he had a good and valid defense to the account, that the same was paid off, and that in fact the assignors were indebted to him. Yet, when the court dissolved the temporary injunction, it refused to permit him to introduce any evidence to maintain his allegations. All the evidence taken together leads to the manifest conclusion that the plaintiff was over-reached. When the agreement to settle the matters in dispute was made, he unquestionably supposed that the legal proceedings were at an end, and had a right so to suppose from the circumstances.

His sickness was a sufficient excuse for not appearing at the appointed day, to proceed with the arbitration. The inference is, that the judgment must have been dated back as of the Saturday on which the agreement to arbitrate was made; else eleven days could not have expired previous to the time plaintiff says he appeared, to take the appeal.

Nothing is better settled than that where, by mistake or fraud, a party has gained an unfair advantage in proceedings in courts of law, which must operate to make that court an instrument of injustice, courts of equity will interfere and restrain him from reaping the fruits of the advantage thus improperly gained.

I think, therefore, that the court should have continued the injunction and proceeded to a final hearing of the plaintiff's case.

Wherefore it results that the judgment must be reversed and the cause remanded. All the judges concur, except Judge Sherwood, who is absent.