FRANCIS X. WARD, Respondent, *vs.* PATRICK QUINLIVIN, Appellant.

1. *Judgments of other States may be impeached for fraud.*—A judgment of a court of record of a sister State, where the parties appear or are duly summoned, imports absolute verity, and cannot be impeached at law. But in equity, judgments, whether foreign or domestic, may be declared void for fraud, in actions brought to enforce them in this State. And in suit brought on a foreign judgment obtained by fraud, that plea may be set up, and will constitute a complete bar to recovery.

| | |
|---|---|
| 57 | 425 |
| 118 | 70 |
| 57 | 425 |
| 123 | 117 |
| 57 | 425 |
| 150 | 654 |

*Appeal from Buchanan Circuit Court.*

*Allen H. Vories*, for Appellant.

I. A judgment obtained by fraud is void, and it is sufficient in the answer to allege that it was so obtained without setting forth the particulars. (See Montgomery vs. Tipton, 1 Mo., 446; Edgell vs. Sigerson, 20 Mo., 494; Marx vs. Fore, 51 Mo., 69; Rutherford vs. Williams, 42 Mo., 19; Callahan vs. Griswold, 9 Mo., 784; State vs. Little, 1 N. H., 257.)

*B. R. Vineyard*, for Respondent.

I. The case of Marx vs. Fore, (51 Mo., 69) only decides that fraud going to the jurisdiction, may be shown to defeat the judgment; but when jurisdiction has attached, the unsuccessful party "must attack the judgment when rendered." (See also dissenting opinion of Judge Wagner in that case; also Wilson vs. Jackson, Adm'r, 10 Mo., 329; Destrehan vs. Scudder, 11 Mo., 490; Warren vs. Lusk, 16 Mo., 102; Baker vs. Stonebreaker, 34 Mo., 172; Barney vs. White, 46 Mo., 139; Harbin vs. Chiles, 20 Mo., 314; Christmas vs. Russell, 5 Wal., 290; Mills vs. Duryea, 7 Com., 481; McRea vs. Mattoon, 13 Pick., 53; Homer vs. Fisk, 1 Pick., 435; Benton vs. Burgot, 10 Serg. & R., 240; Wetherill vs. Stillman, 65 Penn. St. 105; Anderson vs. Anderson, 8 Ohio, 108; Granger vs. Clark, 22 Maine, 130; Atkinson vs. Allen, 12 Verm., 624; Hammond vs. Wilder, 23 Verm., 346; Hollister vs. Abbott, 31 N. H., 448; Rathbone vs. Terry, 1 R. I., 77.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a judgment rendered in the State of New York, in Supreme Court of Steuben County in that State, on the 17th day of October, 1871, for $586.50.

The defendant in his answer set up and relied on an equitable defense, to the effect that the judgment sued on was obtained against him by fraud, deceit and misrepresentation of plaintiff, his agents and attorneys, under the following circumstances: About April, 1870, the defendant was in the store room of plaintiff, in the town of Bixville, in the county of Steuben, in the State of New York, when plaintiff proposed selling to him a piece of land at $18.00 per acre, and in order to defraud defendant, fraudulently induced him to drink a large quantity of whiskey, and thus made him so drunk that he did not know what he was doing, and procured his signature to the bond on which said judgment was rendered.

The defendant alleges, that he set up this defense to the action in the New York court, and attended court for the purpose of establishing his defense, that the plaintiff and his attorneys, with a view to cheat and defraud him, and to obtain an unfair advantage over him, falsely and fraudulently represented to defendant and his attorneys, that they would dismiss their suit—that plaintiff had no cause of action, and would dismiss the pending suit, and that defendant and his attorney might go home and give the matter no further attention ; that relying upon their statements and representations, the defendant and his attorney, abandoned all further defense, and went to their homes, and soon afterwards the defendant removed from the State of New York to the State of Missouri. And defendant charges that after he had thus removed to the State of Missouri, the plaintiff took judgment in the action.

The court below ruled out this defense, and the action of the court in this regard raises the only question for our consideration.

The doctrine that a judgment of a court of record of a sister State, where the parties appear, or are duly summoned, imports absolute verity, and cannot be impeached at law, is

too well settled to need illustration or citation of authorities. But, conceding this principle to be true, it is clear to my mind, that in equity, judgments, whether foreign or domestic, may be declared void for fraud, in actions brought to enforce them in this State.

In Christmas vs. Russell, (5 Wal., 290) the court held that a plea of fraud in obtaining a judgment, was bad in an action on the judgment. But that court, in the same case, held that a direct suit in chancery might be maintained to enjoin such judgment in the State where it was rendered. Our practice act allows equitable as well as legal defenses to be set up in actions at law, and our citizens ought not to be driven to foreign courts to seek remedies against judgments procured by fraud. When sued here upon such judgments, they may set up this equitable defense as a complete bar. (See Marx vs. Fore, 51 Mo., 691.)

Judgment reversed and the cause remanded. Judge Sherwood absent, the other judges concur.