DANIEL SHERER, Appellant, v. FRANK AKERS, Respondent.

St. Louis Court of Appeals, March 15, 1898.

1. **Injunction**: PRACTICE, TRIAL: BAR. We do not think the adverse ruling of the court on the motion made by plaintiff after judgment in the suit on the note was a bar to this proceeding.

2. **Judgment by Default.** Such motion, the judgment being a mere default, was not properly a motion for a new trial. It was an attempt to vacate a judgment in a cause wherein no trial had taken place, and to be permitted thereafter to raise certain issues in defense.

3. **Res Adjudicata.** It was not in any sense a judgment on such issues in an action between him and the defendant and hence lacked the essential elements of a former adjudication.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED *(with directions)*.

CRAVENS & CRAVENS and PRATT & PHIPPS for appellant.

If Gallemore, after he became the owner of the note, took a mortgage on the lot to secure the note, either before or after the judgment against Daniel Sherer, and then released the mortgage, that had the effect to release him (Sherer) as surety. English v. Siebert, 49 Mo. App. 564; Ferguson v. Turner, 7 Mo. 497; Rice v. Morton, 19 Mo. 280; Priest v. Watson, 75 Mo. 315; Lower v. Bank, 78 Mo. 67. If Daniel Sherer had paid off the note as surety, he would have been entitled to be subrogated to the rights of Gallemore, who held the mortgage, and Gallemore can not release the property from the mortgage lien and yet hold plaintiff liable on the note. Clark v. Bank, 57 Mo. 277; Bank v. Reed, 54 Mo. App. 94; Burley v. Hitt, 54 Mo. App. 272; Shelton on Subrogation, sec. 2. The mortgage is a valid one, notwithstanding it was given by the wife to secure the husband's indebtedness and without other consideration, the lot being her separate property, and even if not her separate estate. McQuie v. Peay, 58 Mo. 56; Hagermann v. Sutton, 91 Mo. 519; Rines v. Mansfield, 96 Mo. 394. Injunction will be sustained against execution, where judgment was obtained through fraud, mistake or accident, or from something outside the record even if not connected with the trial itself. 3 Pom., Equity, sec. 1364; Perry v. Sitler, 37 Mo. 274; Bresnehand v. Price,

57 Mo. 422. Where the holder of negotiable paper recovers judgment against the maker and causes levy on execution to be made against such maker and afterward releases the property, it was held that surety was discharged. So in this case the release by Gallemore of the mortgage discharged appellant from liability. Priest v. Watson, 75 Mo. 315; Lower v. Bank, 78 Mo. 67; Ferguson v. Turner, 7 Mo. 497; Rice v. Morton, 19 Mo. 280. Gallemore is estopped for denying the recitals contained in the release deed. Certainly his statements denying the terms thereof are now entitled to very little weight as parol evidence is not admissible to vary or contradict a deed. Field v. Inv. Co., 123 Mo. 603.

JOHN T. STURGIS with N. C. GALLEMORE for respondent.

Suffering judgment without setting up his defense after due service of process with copy of petition on note will bar him of any defense he had at the time and which he had an opportunity to make at the time, and judgment by default is just as binding as if he had appeared. Posthlewaite v. Ghiselin, 97 Mo. 420; Murphy v. DeFrance, 101 Mo. 151; Richardson v. Stowe, 102 Mo. 33; Hotel Ass'n v. Parker, 58 Mo. 327. The former adjudication of the questions now raised as to the suretyship of Sherer and Gallemore's knowledge of the same, the extension of the time and release of the mortgage, etc., on the motion for rehearing and to have the judgment set aside, make such matters *res adjudicata*, as he had an opportunity to appeal and did not. Matters once heard, or which the party had the opportunity of defending in a court of competent jurisdiction, can not again be brought in question by any sort of proceeding. Johnson v. Latta, 84 Mo. 139;

State ex rel. v. Boothe, 68 Mo. 546; Choteau v. Gibson, 76 Mo. 38. And what issues were determined may be shown by parol. West v. Moser, 49 Mo. App. 201; Sconce v. Lumber Co., 54 Mo. App. 509; Spaulding v. Conway, 51 Mo. 51. Where relief could be had by appeal or writ of error, injunction is not the proper remedy, and will not lie. Wyman v. Hardwick, 52 Mo. App. 621. Extension of time on the newly taken mortgage as additional security did not operate as an extension of time on the notes so secured. Headlee, Adm'r, v. Jones, 43 Mo. 235; Newcombe v. Blakely, 1 Mo. App. 289.

BOND, J.—This is a suit in equity to enjoin the execution of a judgment by default for the sum of $366.35, rendered against plaintiff and in favor of defendant Gallemore on the seventeenth of May, 1895. The equities alleged are that said judgment was rendered in a suit begun on the sixth of April, 1895, on the following note:

"$352.25.           "SENECA, Mo., Sept. 29th, 1894.

"On November 29th, 1894, after date I promise to pay to the order of R. A. Mayfield, Three Hundred and fifty-two and 25-100 Dollars, for value received, negotiable and payable without defalcation or discount and with interest from date at the rate of 8 per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest. "No. 661.            "(Signed) J. L. SHERER, "Due Nov. 29th, 1894.            DANIEL SHERER."

That defendant (plaintiff in said action) before its institution, to wit, February 11, 1895, entered into an agreement with J. L. Sherer, the principal debtor, extending the time for payment of the note for one hundred and eighty days upon the consideration of a mortgage given on said date to secure its payment

on the real estate of the wife of said Sherer; that this transaction was without the knowledge or consent of plaintiff, who was known to said Gallemore to be surety only on the above note; that when plaintiff was thereafter served with process in the suit on the note defendant falsely and fraudulently represented to him that such action was for a foreclosure of the mortgage given to secure the note, and that plaintiff need make no appearance or defense thereto; that relying on these representations plaintiff did not appear in said suit, and judgment by default was entered against him. The petition also alleges that defendant released the said mortgage and acknowledged payment of the note secured thereby; that this deed of release was withheld from record until the day following the judgment against plaintiff on the above note. The answer set up that after the rendition of the judgment complained of the plaintiff moved to set it aside and for a new trial on the same grounds alleged in the present petition; that no appeal was taken from the order overruling such motion, wherefore it was a binding adjudication of the grounds of this suit. It also averred that the mortgage given to secure the note, as alleged in the petition, was invalid and worthless, and denied the other allegations. The court entered a decree dismissing the petition. Plaintiff appealed.

We do not think the adverse ruling of the court on the motion made by plaintiff after judgment in the suit on the note was a bar to this proceeding. The grounds for relief set forth in this petition are of equitable cognizance, and, if true, would have entitled plaintiff to sue in that form. They were not set up on the trial of the suit on the note, for the judgment in that case was upon a default of appearance or answer, and hence did not involve the trial of any issues. Crossland v. Admire, 118 Mo. 87. They were only attempted

to be made issues in the former suit by a motion to set aside judgment in that action. Such motion, the judgment being a mere default, was not properly a motion for new trial. Crossland v. Admire, *supra.* It was an attempt to vacate a judgment in a cause wherein no trial had taken place and to be permitted thereafter to raise certain issues in defense. The effect of the court's adverse ruling on this motion was to deny the mover the right to try the proposed issues in that case. It was not in any sense a judgment on such issues in an action between him and the defendant, and hence lacked the essential elements of a former adjudication. Neither the law nor the practice of the courts provided any method for the adjudication of issues of fact on motions to vacate judgments or on motions for new trial, for such motions are summarily disposed of on *ex parte* affidavits, and the effect of the action of the court in such proceedings is the granting or the refusal of a subsequent litigation of the issues suggested by the mover. It is clear that the ineffectual attempt of the plaintiff in this case to have the judgment in the suit on the note set aside and to be permitted to present his defenses to that suit, is no bar to the present action. This defense being out of the way it becomes necessary to inquire as to the preponderance of the evidence on the other issues.

The first question presented is as to the alleged agreement to extend the payment of the note. The evidence on this point is conflicting. J. L. Sherer and wife state explicitly that a contract to delay the collection of the note for one hundred and eighty days without plaintiff's consent was made by defendant with them at the time they gave him the mortgage on real estate for its security. It is not denied either by defendant or his witness Keller that a *demand* for the extension of the note was made by the mortgagors, nor

that they positively refused to execute the instrument when it was first presented, unless new notes should be given, due six months thereafter, for the secured indebtedness. It is, however, asserted by defendant and Keller that when this was reported to defendant he returned with Keller to the mortgagor's and declined to accede to their request; that he did execute the following agreement and deliver it to them:

"SENECA, Mo., Feb..11th, 1895.

"This is to certify that I, N. C. Gallemore, hereby agree not to foreclose or attempt to foreclose the mortgage given this date from Allie Sherer and her husband to N. C. Gallemore for a period of 180 days from this date.

"(Signed)            N. C. GALLEMORE."

The two Sherers state that defendant expressly agreed to delay the collection of the note for the time specified in the written agreement; that he refused to take new notes only because he said some litigation might arise over the mortgaged property, and the fact of his taking new notes might raise some question as to their verity; that he expressly agreed to extend the old notes, and stated further that plaintiff in this case would be released from liability thereon as security. In this clash of testimony, the clear weight of the evidence is in favor of the statement of plaintiff's witnesses. In the first place neither of them have any pecuniary interest at stake. In the second place, the very act of defendant in taking a mortgage to secure an *overdue note*, coupled with the contemporaneous written agreement postponing the foreclosure of the mortgage for the exact time, which it is conceded the mortgagors demanded for the payment of the note, affords a logical inference that the indulgence claimed was allowed. 3 Daniel on Neg. Inst., sec. 1329. It is true the mere taking of additional security does not *per*

*se* extend the time of payment of a past due note, and that the holder may show that no agreement was made by him for the extension of payment of the secured indebtedness.    Headlee v. Jones, 43 Mo. 235.  But where the security so taken can not be enforced for a specific time, it devolves on the holder to repel the natural inference arising from his acts, by some evidence that no delay was granted upon the note secured by the mortgage.   The testimony for plaintiff on the issue as to indulgence is in perfect harmony with the acts of the parties and the agreement of defendant not to foreclose the mortgage for one hundred and eighty days, and satisfies us that such was the contract in respect to the note.    That the mortgage was a sufficient consideration for such agreement, may be assumed under the facts in this record, and it may also be assumed that plaintiff was merely surety on the note, and that this relationship was known to the defendant, for the evidence to that effect was given by several witnesses, was weakly denied by defendant, and is sustained by the face of the note, which shows that it was drawn so as to import an obligation in the singular and not in the plural, and by the further fact that the defendant himself admitted that he paid every dollar of the money when the note was executed to the creditor of the principal debtor. ·

The only other fact necessary to entitle plaintiff to recover is, that he was fraudulently misled by defendant as to the nature of the suit on the note, and in reliance on such misrepresentation was prevented from making the defenses thereto which are now urged as grounds of relief.    The testimony of plaintiff is, that when he heard of the suit on the note he had a talk with the defendant, in which conversation the defendant led him to believe that the purpose of the suit was to foreclose the mortgage given by the principal debtor

and his wife to secure the note, and that it would not be necessary for plaintiff to make any appearance or defense thereto. Defendant denies this testimony and states that in speaking to plaintiff about the suit to foreclose a mortgage he was referring to litigation between the vendors of the principal debtor and his wife in respect to the mortgaged premises. The circumstances attending the suit on the note strongly corroborate the testimony of plaintiff. It appears from these that plaintiff made no defense whatever to the note, although the evidence shows that he had become aware of his release from liability thereon by reason of the transaction between defendant and Sherer and wife. It further appears that immediately after the rendition of the judgment on the note, the plaintiff applied to the court to set aside the same and for permission to make the very defenses alleged in this petition as his grounds for relief. It is unreasonable to suppose that plaintiff would have acted in such a manner, unless he had been misled by the statements as to the nature of the suit on the note made to him by the defendant. Besides the recital by defendant in a deed of release which he executed upon the mortgaged premises that the note therein secured was paid, though open to explanation, is some evidence that he regarded the plaintiff as discharged from liability thereon, and the further fact that this written release of the mortgage was withheld from record until the day after the judgment was rendered against plaintiff on the note, does not strengthen the evidence of defendant. We therefore find that the preponderance of the evidence tends to show that plaintiff was prevented from making his defense to the note before judgment thereon, by the misrepresentations of the defendant, and hence is entitled to have the execution of said

judgment enjoined for fraud in its procurement. Richardson v. Stowe, 102 Mo. loc. cit. 43, and citations. We have not adverted to the ground of recovery alleged in the petition in this cause for the release by defendant of the mortgage security because an examination of the record has failed to satisfy us as to the extent to which plaintiff was injured by such release. While the creditor in the possession of collateral securities owes it to the surety on the principal debt "to carefully and faithfully perform all acts necessary to make the collateral security available," yet the surety will only be released to the extent of the loss which he has suffered by the failure of the creditor to perform such duty. Bank v. Bartle, 114 Mo. 276. The result is that the judgment in this case will be reversed and the cause remanded with directions to the trial court to enter a decree perpetually enjoining the enforcement of the judgment against plaintiff referred to in the petition in this cause. It is so ordered. All concur.