SALLIE C. FISHER, Plaintiff in Error, v. KATHER-
INE G. FISHER, Defendant in Error.

**Kansas City Court of Appeals, November 6, 1905.**

1. **JUDGMENTS: Setting Aside: Expiration of Term: Fraud: Mis-
take.** As a general rule a final judgment passes beyond the
control of the court unless steps are taken to set aside, correct
or modify it during the term at which it is rendered; this rule
is subject to exceptions as when the judgment was obtained as
a result of fraud or mistake in the very act of its procurement.

2. ———: ———: **Fraud: Mistake.** Where the court has been
misled without the injured party's negligence into pronouncing
a judgment that it would not have entered with knowledge of
the real facts, it should be treated as a nullity devoid of any
sanctity that hedges a proper judgment.

3. ———: ———: ———: ———: **Evidence.** After a case was
properly brought, counsel of the respective parties agreed that
certain depositions should be taken, no answer filed, and, if
called for trial at the term, should be continued and the matter
adjusted after the depositions were taken. Later in the term
after the case was passed, plaintiff appeared and took judgment
by default without any reference to the agreement and saying
no defense was known of as there was no answer of record.
*Held,* on the evidence the judgment was fraudulent and should
be set aside on motion at a subsequent term.

Error to Jackson Circuit Court.—*Hon. A. F. Evans,*
Judge.

AFFIRMED.

*R. B. Garnett* and *B. F. Pursel* for plaintiff in error.

(1) A judgment by default cannot be set aside
after final judgment, under the statute. Matthews v.
Cook, 35 Mo. 286; Burns v. Burns, 61 Mo. App. 617.
(2) Unless for irregularity "patent upon the record,"
the circuit court has no power to vacate a judgment
upon a motion after lapse of the term. Phillips v. Evans,
64 Mo. 17; Ennis v. Hagan, 47 Mo. 515; Harber v. Rail-

road, 32 Mo. 424; Brewer v. Dinwiddie, 25 Mo. 351; State ex rel. v. Walls, 113 Mo. 42; 15 Ency. Plead. & Prac., 257 and notes; Ashley v. Hyde, 6 Ark. 99; Sharp v. Railroad, 106 N. C. 317, and cases cited; Fears v. Riley, 148 Mo. 49; Eaton v. Young, 36 Wis. 175, and cases cited; Casement v. Ringold, 28 Calf. 337; 6 Ency. Plead. & Prac., 193 and note; Wood v. Loose, 4 McLean 254.

*Walsh & Morrison* and *E. P. Gates* for defendant in error.

(1)    In proceedings to set aside a judgment at a subsequent term from that at which it was rendered, the proper method of procedure is by motion supported by affidavits. Neenan v. St. Joseph, 126 Mo. 93; R. S. 1899, sec. 795; Craig v. Smith, 65 Mo. 536; Latshaw v. Mc-Nees, 50 Mo. 384; Ex parte Gray, 77 Mo. 160; 5 Ency. Pl. and Pr., 33, 36. (2) The grounds alleged are amply sufficient to authorize the court to set the judgment aside. 5 Ency. Pl. and Pr., p. 27; Bronson v. Schulten, 104 U. S. 415; Downing v. Still, 43 Mo. 309; Spalding v. Meier, 40 Mo. 176; Reed Bros. v. Nicholson, 93 Mo. App. 354; Stack v. Court, 25 Mo. 401; Sieward v. Farmer, 71 Md. 630; Hunt v. Yeatman, 3 Ohio (3 Ham) 15; Mabry v. Erwin, 78 N. C. 45; Crouch v. Mullinix, 48 Tenn. 340; Crawford v. Williams, 31 Tenn. 340; McIntosh v. Crawford, 13 Kans. 171; Estes v. Nell, 163 Mo. 394; Lee v. Harmon, 84 Mo. App. 157; City Block Dir. Co. v. App., 4 Col. App. 350; Oliver v. Bank, 3 Penny. 74; Dugan v. Scott, 37 Mo. App. 662. (3) Plaintiff had ample opportunity to file affidavits but refused to do so and made no objection to the taking up and submission of defendant's motion to set aside the judgment.

JOHNSON, J.—On November 17, 1903, plaintiff in error brought suit against defendant in error, in the circuit court of Jackson county, at Independence, to re-

cover judgment for a part of the purchase price of certain real estate, and to foreclose a vendor's lien for the same.

In the petition filed plaintiff stated that defendant bought the land from her, agreeing to pay six thousand dollars therefor as follows: Defendant was to pay a note secured by deed of trust on the land which, with interest, amounted to two thousand two hundred and sixty dollars, and was to pay the remainder, three thousand seven hundred and forty dollars, to plaintiff, in cash, upon the delivery of the deed. It was admitted that defendant discharged the incumbrance as agreed, and paid one hundred dollars to plaintiff, but it is charged that she failed to pay the remainder of the purchase price upon the delivery of the deed, or at any time thereafter. The summons issued was made returnable to the December term, but was not served, and during that term an alias summons was issued returnable to the March term. This summons was served January 30, 1904. No answer or plea was filed by defendant, and on April 6th, during the March term, plaintiff with her counsel, appeared in open court and asked for judgment by default. A final judgment was thereupon entered in her favor, as prayed for in the petition.

On June 28, 1904, during a subsequent term, defendant appeared and filed a motion to set aside the judgment. Due notice was served upon plaintiff of the filing of this motion, and affidavits were filed in support thereof.

The facts stated in the motion and verified by the affidavits are as follows: The purchase price of the land was four thousand two hundred and sixty dollars, instead of six thousand dollars as alleged in the petition. Defendant paid it in full by discharging the incumbrance of two thousand two hundred and sixty dollars, and in paying the remaining two thousand dollars, in cash to plaintiff, for which she claimed to hold plaintiff's receipts, the one for the final payment being dated

May 4, 1903. Immediately upon being served with summons in January, 1904, defendant employed Mr. Walsh, an attorney living in Kansas City, to defend the action. She acquainted him with the facts and delivered to him the receipts showing payment in full of the price agreed. Shortly thereafter Mr. Walsh interviewed the plaintiff's attorney of record, and advised him of the facts upon which defendant relied to defeat the action. It was then agreed by these attorneys to take the depositions of the plaintiff and defendant for the purpose of ascertaining the true facts, and if it appeared from the evidence thus adduced that defendant was right in her contention, the action would be dismissed without further cost. Further, it was agreed that in the meantime before the depositions were taken and the final disposition of the case agreed upon, defendant should file no answer or plea, nor take any other steps in the case increasing the costs, and if the cause was set for trial it should be continued, and would not be taken up unless by agreement of the parties. Relying on this agreement no answer was filed. The case was set for trial on the 22nd of March. Walsh telephoned an attorney in Independence, stating his agreement with the counsel for plaintiff, and requesting the attorney to appear in court and attend to having an order of continuance made, in accordance with the agreement. This was done and plaintiff's counsel notified of the fact. The following entry was made upon the judge's docket: "This case was continued from last term for service to March term. Issues not made up. Case to be tried later on if parties can agree." This was in the handwriting of the clerk, and was followed by the word "cont'd" in the handwriting of the judge. Plaintiff's counsel did not advise Mr. Walsh of his intention to take judgment by default.

Afterwards, plaintiff filed a motion "to strike off, set aside and dismiss" the motion filed by defendant. At the hearing of these motions plaintiff did not attempt

to controvert the facts shown in the affidavits filed by defendant, as detailed. During the argument the court made this statement: "I remember when this case was tried that I asked plaintiff's counsel whether the defendant wished to make any defense, and he told me that the defendant did not desire to defend the suit; otherwise I should not have rendered this judgment." Plaintiff's counsel then told the judge that he was mistaken as to what plaintiff's attorney said; that when the question was asked as to what the defense was in the case plaintiff's counsel replied that he did not know of any defense, as the record showed no answer." The court rejoined "that said statement of the plaintiff's attorney was not his recollection." The court thereupon overruled plaintiff's motion, sustained that of the defendant and set the judgment aside. Afterwards the case was called for trial upon the merits, but plaintiff refused to proceed upon the ground that the court had no jurisdiction, whereupon the action was dismissed.

The propriety of the action of the court in setting aside the judgment and in afterwards dismissing the suit, are now before us for consideration. The fact that defendant's motion to set aside the judgment thus obtained was not filed until after the expiration of the term during which it was entered, furnishes the ground for the contention in this proceeding. As a general rule a final judgment passes beyond the control of the court unless during the term at which it is rendered steps be taken to set aside, correct or modify it. This rule, however, has its exceptions. In certain cases the court, under the inherent power which it has over its own judgments, may at a subsequent term, in a proper proceeding, set aside a judgment though no steps assailing it, were taken during the term it was entered. Falling within this class of cases is one wherein the judgment was obtained as a result of fraud or mistake in the very act of its procurement.

The power of the court to set aside the judgment in a case like the one before us, is conceded by the learned counsel for plaintiff, who say in their brief: "We nowhere question the power of the court to set aside the judgment under somewhat similar ground as here made upon a bill in equity, upon proper proof." But the claim is made that relief in this case should not be granted under the motion filed. It is said that section 795, Revised Statutes 1899, does not apply to other irregularities than those appearing upon the face of the record, and that as to such irregularities as require a showing outside the record, the remedy by motion is confined to the limits of that afforded at common law under the writ of *corum nobis;* that under the latter remedy the proceeding was not cognizable if the essential facts asserted by the moveant impeached the record. Therefore, it is asserted that the fact that defendant to be entitled to relief is required to plead and prove a meritorious defense to the original action, impeaches the record and deprives her of any remedy except that afforded by bill in equity. Conceding, arguendo, without so deciding, that this proceeding does not fall within the purview of section 795, and that the scope of the remedy under the writ of *corum nobis* was limited as claimed, we have reached the conclusion that under the weight of authority in this State and elsewhere, the office of a motion of this character is to afford the means of redress in all cases wherein the court is vested with the power to set aside its own judgment after the expiration of the term at which it was rendered, without steps being taken during that term attacking it.

The distinction sought to be drawn by plaintiff between cases arising from fraud in the procurement of the judgment and those based upon other mistakes of fact, both of which require proof *dehors* the record, is not founded in good reason. The principle upon which relief is afforded in any case is that the court has been misled, without the injured party being negligent, into

pronouncing the judgment; a thing that he would not have done had he known the real facts. The judgment so obtained, when the court's attention has been called to his mistake by proper and timely motion, should be treated as a nullity, devoid of any sanctity, and should not be hedged in by the safeguards surrounding judgments properly obtained. Among the authorities sustaining these views are the following: Neenan v. City of St. Joseph, 126 Mo. 93; Craig v. Smith, 65 Mo. 536; Latshaw v. McNees, 50 Mo. 384; Ex parte Gray, 77 Mo. 160; Dugan v. Scott, 37 Mo. App. 663; Downing v. Still, 43 Mo. 309; Spalding v. Meyer, 40 Mo. 176; Reed Bros. v. Nicholson, 93 Mo. App. 35; Stacker v. Court, 25 Mo. 401; Estes v. Nell, 140 Mo. 639; Lee v. Harmon, 84 Mo. App. 157; Bronson v. Schulten, 104 U. S. 415; Sieward v. Farmer, 71 Md. 630; McIntosh v. County of Crawford, 13 Ks. 171; Crouch v. Mullinix, 48 Tenn. 340; Black on Judgments, sections 303 and 322; 5 Encyclopedia of Pleading and Practice, p. 27 et seq.; 8 Words and Phrases Judicially Defined, page 7536.

The court properly set aside the judgment and assigned the case for trial upon its merits. When it was called the refusal of the plaintiff to proceed justified the dismissal of the action.

The judgment is affirmed. All concur.