**J. R. WATKINS COMPANY, a corporation, Appellant,**

v.

**Howard E. HUBBARD, Kenneth Mason, Josephine Mason, Joe Richards, and Stella White, Respondents.**

No. 23261.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

Harry L. Porter, Marceline, for appellant.

Erroll Joyce and Robert Devoy, Brookfield, Leman E. Atherton, Milan, for respondents.

CROSS, Judge.

Plaintiff corporation sues to recover an alleged account indebtedness from defendant Hubbard as principal debtor and other defendants as guarantors. Judgment was entered against defendants in default of pleading or appearance. Plaintiff appeals from the trial court's order sustaining defendants' motion to set aside the judgment.

Responding defendants have moved for dismissal of the appeal on grounds that the statement contained in plaintiff's brief is insufficient under Rule 83.05 (e), V.A.M.R., and that the brief is not in compliance with Rule 83.05(e), in that the points and authorities set out are mere abstract statements of law, unrelated to any action or ruling of the trial court.

Plaintiff's brief is not in conformity with the cited rules. However, we do not feel that the nature of the violations warrants a dismissal of the appeal. The motion is denied.

A prior suit was filed by plaintiff on August 19, 1955, against the present defendants, on the same claim made in the present action. It was dismissed eight days later under the following circumstances shown in evidence. After defendant Hubbard was served with summons on August 23, 1955, he "went over and talked to Mr. (J. P.) Morgan", who was attorney for the J. R. Watkins Company at that time. Hubbard told Mr. Morgan, "We didn't feel that we owed them anything and explained the situation to him". Mr. Morgan stated, "Under the circumstances I don't want any part of it", and said, "You'll hear no more of it from me and we will dismiss it". The records of the Linn County Circuit Court show that dismissal of the first suit was entered on August 27, 1955, by J. P. Morgan, attorney for plaintiff, J. R. Watkins Company.

The present suit was filed on October 24, 1956, by Mr. H. K. West, as plaintiff's attorney. Summons was served personally upon responding defendants. For reasons to be later shown, they, filed no pleading and made no appearance until after the default judgment was taken against them almost three years later. The judgment was entered on October 5, 1959, in the sum of $1,455.70, the full amount of plaintiff's claim. Defendants learned that judgment had been taken against them when "it came over the radio".

On October 14, 1959, defendants filed their verified "Motion to Set Aside the Default Judgment", praying for vacation of the judgment, leave to plead, and a trial on the merits. It was alleged in the motion:

"1. That they and each of them have a meritorious defense to Plaintiff's complaint and to the cause of action therein set forth and contained. That the Defendants and each of them are not now and were not at the time of the filing of Plaintiff's Petition indebted to the Plaintiff in any amount

whatsoever. That Plaintiff's complaint was based upon merchandise delivered to Defendant Howard E. Hubbard for purposes of resale on commission. That the said Howard E. Hubbard did make full accounting for all merchandise received by him and did pay to the Plaintiff herein, the entire amount alleged to be due and owing and which said sum is the subject of Plaintiff's complaint.

"2. Defendants further state, that on or about the 26th day of November, 1956, after Plaintiff's Petition had been filed in the cause, and before, under the law, they were required to file answer thereto, Defendants Howard E. Hubbard, Kenneth Mason and Joe Richards went to the office of the Plaintiff's then attorney, Mr. H. K. West of Brookfield, Missouri, where the matter of the suit was fully discussed among them and at such time and place, Mr. West informed them that the Petition which he had filed in the cause would be dismissed and it would not be necessary for them to file answer thereto. That Defendants relied upon the counsel advices and declaration of Plaintiff's attorney, believed that the Petition filed would be dismissed, and for such reason, refrained from employing counsel to represent them in the defense of the suit."

The trial court heard evidence on the motion, took the matter under advisement, and, on May 19, 1960, sustained the motion, set the default judgment aside, and ordered a trial on the merits.

As plaintiff's brief contains no points other than abstract statements, we must extract the intended assignments of error from the argument and summary, as read in connection with those statements. In the main, plaintiff contends: there is no statutory ground to justify the trial court's order setting aside the judgment; the order was not justified for the reason defendants produced no evidence of a valid defense, of excusable neglect, or that they were misled or prejudiced by the statements of plaintiff's attorney.

It is apparent, as plaintiff suggests, that the order was not made on initiative of the trial court within 30 days after judgment under authority of Section 510.370, V.A.M.S. The order is not, in our opinion, the grant of a new trial requiring a specification of grounds therefor as plaintiff contends. We do not regard the motion as a statutory motion for a new trial. We view it as a direct attack on the judgment, and consider the proceedings before us as an independent, separate suit, instituted by motion instead of petition. As the parties do not classify the action, we look to the originating pleading to determine its nature.

The motion contains no allegation of any irregularities patent on the face of the record. It follows that defendants have not invoked the common-law remedy recognized and limited by Section 511.250 and Section 511.260, V.A.M.S. Nor can the motion be considered as a petition for review under Section 511.200, V.A.M.S. That statute has no application in this case because defendants were personally served with summons.

The motion is not in the nature of a writ of error coram nobis, as presently interpreted in this state, the function of which is to bring to the attention of the court some unknown error of fact, dehors the record, not going to the merits of the cause, but relating to the jurisdiction of the court to attain a valid result. Example: In cases where a party is a minor, or insane, or deceased, at the time a judgment is rendered. Edson v. Fahy, Mo.Sup., 330 S.W.2d 854. No facts of the foregoing nature are relied upon or alleged.

Defendants squarely ground their motion on allegations that the judgment was procured by fraudulent, unconscionable acts on the part of plaintiff, extraneous to the merits of the case. Courts uniformly recognize those acts as grounds for equi-

table relief from judgments. It is a familiar rule that equity will relieve against a judgment for extrinsic fraud, accident and mistake. Black on Judgments, Section 368; United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Fadler et al. v. Gabbert et al., 333 Mo. 851, 63 S.W.2d 121; Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S.W.2d 1031.

■ It is also thoroughly settled law that a judgment, obtained in violation of any agreement or promise by which an appearance to make a meritorious defense is prevented, will not be allowed to stand. Freeman on Judgments, Vol. 3, Section 1243; Fadler v. Gabbert, supra; Sherer v. Akers, 74 Mo.App. 217.

Instances of equitable relief under facts similar to those in this case are seen in numerous Missouri cases. In Ward v. Quinlivin, 57 Mo. 425, plaintiff and his attorneys told defendant that plaintiff had no cause of action and would dismiss the suit, and that defendant and his attorneys might go home and give the case no further attention. Defendant acted on the assurance and plaintiff took default judgment. In Bresnehan v. Price, 57 Mo. 422, defendant appeared to oppose plaintiff's suit on account. The parties agreed to arbitrate and continue the case to a certain day. Defendant made no appearance. Plaintiff appeared and took judgment. In Sanderson et al. v. Voelcker et al., 51 Mo. App. 328, plaintiff agreed with defendant for a continuance. Plaintiff ignored the agreement and procured a judgment in plaintiff's absence. In Sherer v. Akers, supra, plaintiff had a conversation with defendant and led him to believe the suit was to foreclose a mortgage so that the note securing it could be collected from other defendants—principal debtors. Defendant made no appearance. Plaintiff took default judgment. In Jones et al. v. Arnold et al., 359 Mo. 161, 221 S.W.2d 187, a judgment was set aside for fraud committed by plaintiff in concealing the pendency of the suit from minor defendants. In Fadler v. Gabbert, supra, a leading case frequently cited and quoted, two judgments were set aside, when procured by fraud in concealing pendency of the suits. In Lee v. Harmon, 84 Mo.App. 157, the parties compromised, and plaintiff agreed to dismiss the suit and pay all costs. Defendant, in reliance, made no appearance and plaintiff took judgment. In Fisher v. Fisher, 114 Mo.App. 627, 90 S.W. 413, plaintiff violated his agreement that defendant need not answer and took judgment. In Cross v. Gould, 131 Mo. App. 585, 110 S.W. 672, allegations that plaintiff's attorney violated a promise to notify defendant's attorney of the trial date were held to state grounds for relief from the judgment.

Mindful of the foregoing principles of substantive law, and still probing the nature of the matter before us, we reach this question: Shall we, under procedural law now in force, consider the motion as a petition in equity, and view the proceedings as a separate suit in equity?

We think this question should be viewed historically before it is decided. Missouri courts have, in two separate periods of time, held directly conflicting views on the subject. During the first century of constitutional jurisprudence, our courts recognized and utilized summary proceedings, on motion, as a means of administering equitable relief from judgments procured by fraud. In Downing v. Still, 43 Mo. 309, Judge Bliss said: "The question of fraud is also raised by the motion. * * * This matter should have been considered below. The objection that it can only be inquired into upon petition in the nature of a bill in equity is not well taken. Though fraud and mistake are often grounds for relief, yet the proper proceeding in a matter of this kind is by motion".

In Fisher v. Fisher, 114 Mo.App. 627, 90 S.W. 413, 418, this court affirmed the trial court's order setting aside a judgment in proceedings raised by a motion charging plaintiff with fraud in violating an

agreement that defendant need not answer. Upon appeal, plaintiff conceded the merit of defendant's claim for relief, but argued that a separate suit in equity was necessary. The court ruled otherwise and stated:

"We have reached the conclusion that under the weight of authority in this state and elsewhere, the office of a motion of this character is to afford the means of redress in all cases wherein the court is vested with the power to set aside its own judgment after the expiration of the term at which it was rendered, without steps being taken during that term attacking it. * * * The principle upon which relief is afforded in any case, is that the court has been misled, without the injured party being negligent, into pronouncing the judgment; a thing that he would not have done had he known the real facts. The judgment so obtained, when the court's attention has been called to his mistake by proper and timely motion, should be treated as a nullity, devoid of any sanctity, and should not be hedged in by the safeguards surrounding judgments properly obtained. Among the authorities sustaining these views are the following: Neenan v. City of St. Joseph, 126 Mo. [89] 93, 28 S.W. 963; Craig v. Smith, 65 Mo. 536; Latshaw v. McNees, 50 Mo. [381] 384, loc. cit.; Ex parte Gray, 77 Mo. 160; Dugan v. Scott, 37 Mo.App. 663; Downing v. Still, 43 Mo. 309; Spalding v. Meier, 40 Mo. 176; Reed Bros. v. Nicholson, 93 Mo.App. [29] 35; Stacker v. Cooper [Circuit Court], 25 Mo. 401; Estes v. Nell, 163 Mo. [387] 394, 63 S.W. 724; Lee v. Harmon, 84 Mo.App. 157; Bronson v. Schulten, 104 U.S. [410] 415, 26 L.Ed. 797; Siewerd v. Farnen, 71 Md. [627] 630, 18 Atl. 968; McIntosh v. County of Crawford, 13 Kan. 171; Crouch v. Mullinix, 1 Heisk. 478 [48 Tenn. 478]; Black on Judgments, §§ 303, 322; 5

Encyclopaedia of Pleading and Practice, p. 27 et seq.; 8 Words & Phrases Judicially Defined, p. 7536."

And, in Cross v. Gould, supra, it is seen that Missouri courts had, up to that time, afforded equitable relief from judgments, by summary proceeding, on motion filed in the original case. The court approved that procedure in an exhaustive discussion of supporting authority and precedent.

In the last half century, our courts have held a converse view of the question and have denied relief from judgments on equitable grounds except in a separate suit in equity. The reversal of opinion came as the effect of two decisions: Jeude et al. v. Sims et al., 258 Mo. 26, 166 S.W. 1048, and Simms v. Thompson, 291 Mo. 493, 236 S.W. 876.

Jeude v. Sims was decided in 1914. The subject of that appeal was an untitled motion to set aside a judgment. The grounds alleged were that defendant was tricked by plaintiff's fraud in violating an agreement to continue the case. The court first ruled that the "document" was not a statutory motion or in the nature of a writ of error coram nobis. The court's ruling on the instant question is set out verbatim, and in complete text, as follows:

"Counsel for respondents do not seriously contend in their brief that this proceeding is one in equity to set aside a judgment for fraud in the procurement thereof. Stated differently, they do not contend that the instrument here under consideration is a bill in equity to set aside a judgment for fraud. It is clear that it is not such instrument. To have invoked equity would have meant the bringing of an independent action, and this does not purport to be an independent equitable action. As it is not a bill in equity upon its very face, it is useless to discuss the question whether or not it states facts sufficient to constitute a good bill in equity." [258 Mo. 26, 166 S.W. 1052].

The quoted language suggests these questions (which we do not attempt to answer): Did the court rule that—if the pleading had "purported to be an independent equitable action" and had been a "bill of equity upon its very face",—plaintiff would still have to file another suit? Or, did the court mean to say that—if the motion were titled "Bill in Equity" and stated facts sufficient to be one—then the proceeding might be considered as an independent equity action? Or, did the court say that it declined to examine the motion to determine whether it actually was a good bill in equity, because it was not labeled "Bill in Equity"? We leave the Jeude case, with this comment: No citation of law whatsoever, case or text, was made in support of the ruling.

Simms v. Thompson, supra, did not decide the question we are examining because it was not presented. The motion before the court was "A Motion for a Writ in the Nature of a Writ of Coram Nobis" (sic). The court held, on authority of Jeude v. Sims, supra, *that relief on the ground of fraud is not available on error coram nobis,* and disapproved Cross v. Gould, supra, *in that respect only.*

In any event, Simms v. Thompson relies entirely on Jeude v. Sims. Jeude v. Sims, therefore, is the sole basic source of the "separate suit in equity" doctrine which has since prevailed. The two cases, however, are usually cited together. We have found no re-examination of the matters supposedly settled by those decisions. Jeude v. Sims was litigated under the code of civil procedure provided by R.S.Mo.1909; Simms v. Thompson was governed by the code contained in R.S.Mo.1919.

This appeal arises under the Rules of Civil Procedure. That body of procedural law reflects profound advances in the philosophy and methods of administering justice. It was developed, out of necessity, to meet the demands of an increasing flood of litigation resulting from vast industrial and commercial developments of recent decades. It is stated by Chief Justice Hollingsworth in an introduction to V.A.M.R., "It was inevitable that many rules of procedure, reasonably workable a generation or so ago, no longer met the needs of today".

Also, on behalf of the Supreme Court, Judge Laurance M. Hyde has commented: "Rules of procedure only determine how and when a dispute about such rights shall be brought to an issue. Whenever a procedural rule operates to prevent bringing such a dispute promptly to an issue it ought to be abolished. Whenever such a rule can be improved, to bring disputed questions to definite issues in a clearer way within a more reasonable time, it ought to be amended. Thus to keep procedural rules up to date, it is necessary that they be constantly surveyed and tested in the light of experience".

The clear purpose of the Rules is: to liberalize and simplify procedure; to reach the decision of a case on its merits with a minimum of procedural encumbrances; to secure justice promptly, without unnecessary delay; to reduce the cost of litigation; to eliminate technicalities; to regard substance instead of form; and, to eliminate the filing of unnecessary actions.

The Rules contain provisions fully adequate to effect those purposes. Illustratively, we identify certain of them. Fundamentally, Rule 41.03 requires that: "These rules shall be construed to secure simplicity and uniformity in civil procedure, fairness in the administration of justice, and the elimination of unjustifiable expense and delay". It is provided by Rule 42.01 that there shall be but one form of action, to be known as "Civil Action". Rule 55.05 provides, "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required". Rule 55.26 admonishes: "All

pleadings shall be so construed as to do substantial justice". Rule 83.24 adjures: "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits". It is required by Rule 73.01 that "The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature".

■ After examining defendants' motion under the standards prescribed by the Rules, we reach the conclusion that it is, in actual legal entity, a petition (in equity) as defined by Rule 55.06. That rule requires two essential elements: (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief. The pleading contains (1) a sufficient statement of facts alleging wrongful acts in procuring the judgment and alleging the existence of a meritorious defense, and (2) a demand for relief from the judgment. The Rules require no more.

■ It is of no consequence that the pleading is titled "Motion". The legal character of a pleading is determined by its subject matter and not its designation. It is only necessary to state the facts in a pleading, as the law gives it the proper name and effect. Courts ignore the denomination of a pleading and look to its substance to determine its nature, in order that justice be done. Thomas v. Sterling Finance Co., Mo.App., 180 S.W.2d 788; Lebcowitz v. Simms et al., Mo.App., 300 S.W.2d 827. In State v. Campbell, Mo. Sup., 307 S.W.2d 486, a petition for a writ of error coram nobis was considered as a motion to vacate, set aside or correct a judgment of conviction and sentence. In Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, a motion to set aside a default judgment was considered an application for a writ of error coram nobis. And, in Mattocks v. Van Asmus, 180 Mo.App. 404, 168 S.W. 233, a petition for review was treated as a motion to set aside a judgment for irregularities.

The pleading was filed in a court of competent jurisdiction—the court which retained the judgment as the res of the controversy. That court acquired complete jurisdiction of the parties. Defendants submitted their persons by filing the pleading—plaintiff its person by appearing and participating in the hearing. The hearing was concluded, the court decided the issues raised by the pleading and granted relief accordingly. We know of nothing else necessary to have been done in the proceeding to make it a separate suit in equity. We have demonstrated the complete immateriality of the fact that the pleading was titled "Motion" instead of "Petition".

How would a "new" separate suit differ from the one before us? Only in that it would require these acts: (1) drafting a pleading (a copy of the motion would suffice) and labeling it "Petition", (2) paying a filing fee, (3) filing the pleading, (4) serving summons on Watkins. Aside from those additional formalities, the "new" suit would proceed in exactly the same pattern and course followed in the present case. The performance of those acts would serve no purpose that has not been accomplished by filing the pleading within the structure of the original case, and by Watkins entering its appearance and proceeding to trial. We see no utility in a "new" suit that is not found in the proceedings already had. On the contrary, the filing of an additional action would occasion more cost and delay. We believe the Rules would not be honored by requiring the use of that procedure. We consider the proceeding before us as a separate suit in equity, directly attacking the judgment.

Aside from the Rules, the law should be consistent. Courts regard proceedings raised by a motion in the nature of a writ of error coram nobis, filed in the original action, as a separate suit directly attacking

the judgment. In re Jackson's Will, Mo. App., 291 S.W.2d 214. Consistency directs the same treatment of defendants' pleading. It likewise is filed in the original court, for the same purpose, also as a direct attack on the judgment, but on equitable grounds. The remedy should be as readily extended as an instrument of relief from intentional wrong as from honest mistake—fraud being one of the special abhorrences of the law.

■ Returning to plaintiff's contentions, we next consider the complaint that defendant's evidence was insufficient to support the trial court's order vacating the judgment. As stated before, the present suit was filed by Mr. Harry West on October 24, 1956. Defendants were served with summons on October 30, 1956. Defendant Hubbard testified that after he was served with a summons, he first talked to Mr. Errol Joyce, an attorney, who "told Joe and I to go and see Mr. West and see if we could not get it straightened out and if not to come back". Hubbard then went and talked to Mr. West. After talking to Mr. West, Hubbard went back and talked to Mr. Joyce but did not employ him because "after the conversation with Mr. West there was no need to". Hubbard stated "And that conversation is when we went back and told Mr. Joyce that it would be dismissed". Defendant Joe Richards accompanied defendant Hubbard when he went to see Mr. West. It was a few days prior to the "thirty days to appear". Hubbard testified that he was not indebted to the plaintiff in any amount whatsoever. Defendant Richards testified that after receiving a summons, and within the thirty day period he and defendant Hubbard went up and talked to Mr. West. He stated that as a result of talking to Mr. West, he understood that the case was settled and that he did not employ an attorney. Defendants heard nothing more about the case from Mr. West, who died in May, 1958, without having dismissed it. Seventeen months after Mr. West's death, and almost three years after the case had

been filed, Mr. Harry Porter appeared as attorney for Watkins and took the default judgment, without notice to defendants, on October 5, 1959.

We think the statements and circumstances shown in evidence, considered in connection with the verified affidavit, are sufficiently convincing to support a finding that Mr. West promised Hubbard and Richards that he would dismiss the case, that defendants were entitled to and did rely on that promise, and that the promise was violated. We make that finding.

■ We also find that defendants made sufficient showing of a meritorious defense. It was alleged in the verified motion that defendants had made a full accounting and had paid the full amount due on that accounting. Defendant Hubbard testified that he was not indebted to the plaintiff in any amount whatsoever. He was prevented from further testifying on the subject by the objections of plaintiff's attorney, sustained by the trial court. We think plaintiff is in no position here to complain. Our finding is supported by Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S.W.2d 1031, 1037, where the court stated: " 'It is not necessary to show conclusively that complainant has a sufficient * * * defense, but it suffices to establish good faith and tender a seriously litigable issue' as a 'meritorious defense to the claim or any part of it' " (citing cases).

■ Plaintiff argues that the defense set up in the motion can not be considered a meritorious one for purposes of the motion because that defense was available and could have been interposed before entry of judgment—that a defense must be offered that has arisen since the judgment was rendered. There is no merit in the proposition. The rule relied on by plaintiff has no application in this case, where the grounds for relief are wrongful acts which prevented the use of the defense. Black on Judgments, Section 369, states the rule as follows:

"It is to be observed that the rule that a judgment silences all defenses which might have been urged against its rendition cannot be invoked in an action to enjoin its execution for fraud, when the fraud alleged consists in acts of the party which prevented his adversary from setting up his defenses".

■ To plaintiff we concede the point that defendants offered no evidence of excusable neglect. In fact, we regard the defendants as innocent of any neglect at all. They were justified in relying on a promise, made by plaintiff's attorney, to dismiss the case. It was stated in Sanderson v. Voelcker, 51 Mo.App. 328: "We think it very clear, both on principle and authority, that Sanderson had a right to rely on the promise of Voelcker's attorney that the replevin suit would not be tried on the day it was set for trial, and we also think that negligence cannot be imputed to Sanderson * * *. If Sanderson was prevented from making this defense by the fraudulent promises and representations of the defendant's attorney, * * * we can conceive of no good reason why the case would not be heard on its merits, * * *."

■ We believe the judgment should not stand. Defendants have shown a valid, litigable defense. They were deprived of it by a false promise. There is no showing that any harm would be done plaintiff by setting aside the judgment, other than being put to a trial of the case on its merits. It is the policy of courts that causes should be determined on merit "whenever such a course will not result in hurtful delay". Tucker v. St. Louis Life Ins. Co., Mo.Sup., 63 Mo. 588.

The record here justifies the trial court's order. The judgment is affirmed. All concur.