**Kathleen J. BOGDON, Respondent,**

v.

**COMMERCE BANK OF KANSAS CITY, d/b/a Bankamericard, Appellant.**

**No. KCD 27224.**

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

Motion for Rehearing and/or Transfer Denied June 1, 1976.

John C. Thurlo, Michael H. Maher, Swanson, Midgley, Eager, Gangwere & Thurlo, Kansas City, for appellant.

Joseph W. Amick, Welch & Austin, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Petition in equity to set aside a default judgment obtained by Commerce Bank against Kathleen J. Bogdon in the magistrate court. The trial court set aside such judgment and Commerce appeals.

On appeal Commerce urges there was insufficient evidence to establish the fact the judgment was obtained by mistake; that Bogdon did not show the exercise of due diligence in defending the magistrate action; an erroneous finding that Bogdon's attorney did not receive a letter from Commerce's attorney that judgment would be taken. Affirmed.

Commerce brought suit in the magistrate court against Bogdon and her former husband for amounts allegedly due as a result of purchases made with a credit card issued by Commerce to Bogdon's former husband. Although the petition alleged the credit card was issued to the former husband and Bogdon, the evidence in this suit to set aside showed the card was issued only to the former husband. In fact, the application for the card showed the age of Bogdon at that time to be nineteen.

After Bogdon was served with summons in the magistrate court, she consulted an attorney who in turn called the attorney representing Commerce. An agreement was made between attorneys that Commerce would attempt to get the former husband served, since he had not been served at that time. After several attempts service was obtained on the former husband. After such service, Bogdon's attorney agreed with the attorney representing Commerce that the former husband should pay the $519.40 plus $128 attorney fees. The Commerce attorney was to notify Bogdon's attorney if the account was paid; but in the meantime, agreed the magistrate suit would be continued.

After another conversation between the attorneys in which it was ascertained the former husband had not paid, the Commerce attorney testified he decided he had to take a judgment. He testified he mailed a letter to Bogdon's attorney advising him a judgment would be taken about six weeks thereafter. Bogdon's attorney testified he never received any letter advising that judgment would be taken. On the day stated in the letter, a judgment was taken against Bogdon, since by that time her former husband had been declared a bankrupt.

Nothing further was done until about six months after the judgment was taken when Commerce's attorney wrote Bogdon advising that a judgment had been taken and suggesting a garnishment would be run on her salary if the same were not paid. This suit to set aside such default judgment was then filed.

The trial court found the attorneys representing the parties had entered into an agreement to automatically and periodically continue the case in the magistrate court until such time as collection could be made from the former husband. The court further found a letter was written advising Bogdon's attorney a judgment would be taken, but that Bogdon's attorney did not actually receive such letter. The court further stated as a conclusion of such findings that a mutual mistake of fact existed, resulting in the judgment being taken without affording Bogdon the right to defend such action when she demonstrated she had a meritorious defense.

Commerce contends there was insufficient evidence to establish the existence of any mistake which would justify setting aside such judgment. In this case, under Rule 73.01, this court reviews the case upon both the law and the evidence. Due deference is to be given to the findings and conclusions of the trial chancellor and this deference will not be ignored unless the evidence is insufficient to sustain the findings. *R. L. S. v. J. E. S.*, 522 S.W.2d 5, 7[2] (Mo.App.1975).

The finding of the trial court that an agreement existed between the parties for the magistrate suit to be continued from time to time, and that the letter advising Bogdon's attorney a judgment would be taken was not received, is supported by substantial and competent evidence. The conclusion of the trial court that this resulted in a mutual mistake may be considered as surplusage in view of the decision by this court in *J. R. Watkins Co. v. Hubbard*, 343 S.W.2d 189 (Mo.App.1961). In that case, Judge Cross made an exhaustive and definitive examination of the effect of a default judgment taken in violation of an agreement between attorneys. At 343 S.W.2d 192[2], Judge Cross stated: "[i]t is also thoroughly settled law that a judgment, obtained in violation of any agreement or promise by which an appearance to make a meritorious defense is prevented, will not be allowed to stand."

**652**

In this case the existence of an agreement between the attorneys representing Bogdon and Commerce for the continuance of the magistrate case is undisputed. The only conflict in the evidence centered on whether or not Bogdon's attorney had actually received the letter stating judgment would be taken. That attorney testified unequivocally he did not receive such letter and the trial court found he did not. This finding by the trial court on the only disputed fact issue is supported by substantial evidence and under the rule of deference will not be disturbed. In that situation, the judgment was taken in violation of the agreement for the magistrate case to be continued, thus, cannot be allowed to stand. No question is raised concerning the existence of a meritorious defense.

Commerce next contends the evidence did not show Bogdon exercised due diligence in defending the magistrate court action. This too is covered in the exhaustive opinion in *Watkins* in which it was held that when an attorney has a right to rely on an agreement that a case will not be tried, he is not negligent in his defense of the suit. Here, since the agreement was admitted for the continuances to be automatic, Bogdon's attorney certainly had a right to rely on such agreement. For that reason, such attorney was not negligent in his defense of the magistrate action.

Commerce finally urges the trial court's finding that Bogdon's attorney did not receive the letter advising judgment would be taken is clearly erroneous. As stated, the finding that such letter was not received is supported by substantial and competent evidence. This was a matter peculiarly within the province of the trier of fact. *Shute v. Prom Motor Hotel, Inc.*, 446 S.W.2d 137, 141 (Mo.App.1969). Further, evidence of mailing does not constitute evidence of receipt in the face of evidence to the contrary. *McCaskey Register Co. v. Erffmeyer*, 46 S.W.2d 256, 257[1] (Mo.App.1932).

In addition to the above, this court has stated: "[t]he trial court has a wide discre-

tion in setting aside a default judgment; and, unless the discretion is abused, we will not intervene." *Anderson Motor Co. v. Sterling*, 121 S.W.2d 275, 278[2–4] (Mo.App. 1938). Here no abuse of discretion is shown.

Judgment affirmed.

All concur.