39  473
75  584

WILLIAM REED, Appellant, v. EMMA REED, Respondent.

Kansas City Court of Appeals, February 17, 1890.

*Rehearing denied, March 1, 1890.*

1. **Divorce :** GOOD CONDUCT. "Good conduct," as employed in the divorce statute, has reference to the conduct of the husband or wife in his or her marital or home relations as distinguished from the conduct of either of them to society in general, and proof of entire propriety in the latter relations would be but very slight proof, if any, of the good conduct mentioned in the statute, as it

fails to show that complainant's conduct to his wife, or wife and children, was at all times and under all conditions characterized by kindness, love and affection, accompanied by proper provision for his family and suitable endeavor to make her married life one of happiness and contentment.

2. **Dismissal:** AFTER SUBMISSION. After the submission of a cause and the announcement of the finding, it is too late to offer to dismiss ; the statutory prohibition is then operative and forbids it.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Henry N. Ess* and *Leon Block*, for the appellant.

This is a suit for divorce. Plaintiff, a resident of Kansas City for more than four years prior to the filing of his petition, an honest, industrious meat and produce dealer, married his wife in Philadelphia in October, 1877, and lived with her until August, 1880 ; his business then became so poor, and she (a daughter of rich parents), much dissatisfied ; he, therefore, went West to better his condition, she agreeing to follow him ; prior to this time, she had frequently left him and gone home to her parents, remaining with them for weeks and months at a time ; subsequent events show that she never intended to follow him to the West ; promised him that she would, probably for the mere purpose of getting rid of him. As soon as plaintiff's business justified, he wrote to his wife to come to him ; sent her money for that purpose, and repeatedly importuned her to join him in the West, but she refused to come, stating that she was better situated at home with her parents. The petition sets forth these facts with the statutory charge that the defendant has absented herself from plaintiff without reasonable cause for more than one year. The petition was properly verified and a summons and a copy of the petition were

personally served on the defendant at Philadelphia, by the sheriff of Philadelphia ; not a secret service by publication, but actual notice to her. She makes no answer ; does not deny any of the charges in the petition, and the charges are fully proven by the evidence, as set forth in the transcript. Under such circumstances, is it right that this plaintiff should be denied a divorce and should be tied to this woman for life ; a woman who cares nothing for him, is better satisfied to live with her wealthy parents and refuses to assist him in his endeavors to build up a home and business here? Men are but human, and to affirm such a judgment is to encourage adultery. The probabilities are that the defendant would be glad if a divorce were obtained. Her silence would seem to imply that. Grant that such is the case ; should that be any reason why her husband, who is innocent of any wrong, should be tied to her forever? (1) That plaintiff is entitled to a divorce as prayed we cite the following authorities : *Hunt v. Hunt*, 29 N. J. Eq. 96; *Babbitt v. Babbitt*, 69 Ill. 277 (see page 279 of decision) ; *Kennedy v. Kennedy*, 87 Ill. 250; *Walker v. Leighton*, 31 N. H. 111 (see page 116 of decision); *Hair v. Hair*, 10 Richardson's Eq. (S. C.) 163 (see page 176 of decision); *Hardenburg v. Hardenburg*, 14 Cal. 654; 1 Bishop on Marriages and Divorce [5 Ed.] p. 658, sec. 788; p. 661; sec. 790; Schouler on Husband and Wife [Ed. 1882] pp. 94, 95, secs. 59, 60; p. 574, sec. 518. (2) The court below erred in refusing to allow plaintiff to dismiss, and in finding for the defendant. After offering our evidence and before any opportunity was allowed us to argue the case or ask for declarations of law, the court said : " I don't think this man is entitled to a divorce." We then offered to dismiss, as we had a right to do under section 3556, Revised Statutes. *Lawrence v. Shreve*, 26 Mo. 492; *Wood v. Nortman*, 85 Mo. 298; *Sachse v. Clingingsmith*, 97 Mo. 406.

No brief for respondent.

SMITH, P. J.—This is an action for divorce wherein the plaintiff in his petition alleges as a ground therefor, that the defendant has absented herself from the plaintiff without reasonable cause for more than a year. The defendant was notified of the commencement of the action by publication. There was no appearance by defendant and the plaintiff had judgment by default, and thereupon the cause was submitted to the court upon the evidence adduced by the plaintiff, which showed that plaintiff, while residing in the city of Philadelphia in 1877, was there married to the defendant and continued his residence there until 1880, when for the purpose of bettering his pecuniary condition, he removed to the West, leaving his wife with her parents; that plaintiff first went to Denver, Colorado, where he remained for four years, during which time a number of letters passed between the plaintiff and his wife, but none of which were shown in evidence; that plaintiff several times sent his wife sums of money varying from twenty-five to seventy-five dollars.

Plaintiff testified that in his letters to his wife he urged her to come to him, but that she expressed an unwillingness to do so; that later on he removed to Kansas City where he engaged in business, making a very good living; that from the last-named place of residence he repeatedly wrote his wife letters requesting her to come to him and that she had refused to do so; that all communication by letter had ceased and that he had not heard directly from her for more than a year. It was shown that the plaintiff had conducted himself in his business and social relations, since he came West, with entire propriety; that he had been an industrious, sober and trustworthy citizen.

After the conclusion of the evidence and the submission of the cause, the court announced that the plaintiff was not entitled to a decree and, thereupon, the plaintiff asked leave to dismiss his petition without

prejudice, which by the court was denied. The decree was against plaintiff to reverse which this appeal is prosecuted.

I. The statute is that in all cases where the proceeding shall be *ex parte* the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is the innocent and injured party. R. S., sec. 2182.

The words "good conduct" as employed in the statute have always been construed, and as we think, correctly, by the profession and the *nisi prius* courts, to have reference to the conduct of the husband or the wife in his or her marital or home relations as distinguished from the conduct of either of them to society in general.

As an illustrative proof that the husband was a thrifty and successful professional or business man, or that his general reputation was good, or that he was generally popular and well thought of, or that in his general social relations he was an affable and agreeable person, would be but very slight proof, if any, of that "good conduct" mentioned in the statute for the very reason that such proof does not show that in his demeanor to his wife, or if there be children, to his wife and children, was at all times and under all conditions characterized by kindness, love and affection, nor that he properly provides for his family, nor that in the sacred precincts of his home he was not a morose, fault-finding, quarrelsome and unreasonable tyrant, nor that he endeavored to make the married life one of happiness and contentment.

We have carefully and attentively read the evidence preserved in the bill of exceptions and find therein a total lack of proof of that kind of good conduct which the statute requires. The plaintiff has utterly failed to bring his case within the statutory requirement, and for that reason we can find no fault with the ruling of the circuit court upon the evidence.

The plaintiff offered no proof of good conduct prior to the time he came West; what his conduct was towards his wife while living with her is left to conjecture, which cannot be favorable to him.   It is strange, if his conduct towards his wife while they lived together was that of a good husband, that she did not, when requested by him, promptly forsake her parents and join him in his western home.   If his conduct respecting his wife and child was at all times unexceptionable, it is difficult to understand why he did not establish the fact by the depositions of his acquaintances who resided in Philadelphia when he did.   This essential fact, if it existed, could have been thus established.   His case as made by the record before us is not one that we can regard with the least favor.   No ground for divorce was shown, and the circuit court very properly denied the same.   The plaintiff did not ask to dismiss his petition until after the case was submitted and the finding announced.   This was too late.   It was not then within the power of the court to grant the plaintiff's request.   The statutory prohibition was then operative, and forbade the court to do that.   R. S., sec. 3556.   The judgment is affirmed. All concur.

*Rehearing denied, March 1, 1890.*