· WELLS, Appellant-Respondent, v. WELLS, Respondent-Appellant.

St. Louis Court of Appeals, November 1, 1904.

DIVORCE: Both Parties in Fault. In an action for divorce to which the defendant filed a cross-bill, where the charges in both complaints and the evidence showed grossly improper conduct, inconsistent with conjugal duty and fidelity, on the part of both plaintiff and defendant, neither is entitled to a divorce and both the petition and cross-bill were properly dismissed.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

AFFIRMED.

*Henry H. Oberschelp* and *Paul F. Coste* for plaintiff.

*Joseph Wheless* for defendant.

GOODE, J.—Both the parties to this action pray a divorce, the plaintiff in his petition, the defendant in a cross-bill. Each charges the other, not directly and positively with adultery, but with grossly improper and scandalous conduct, utterly inconsistent with conjugal duty and fidelity, and such as would render intolerable the condition of any affectionate spouse. In the opinion of the court below both were shown to have been so far guilty as to preclude a divorce in favor of either, and the petition and cross-bill were dismissed. The question for decision is one of fact. Was either party entitled, under the evidence, to the relief asked? We have perused all the testimony and our opinion coincides with that of the learned circuit judge who tried the cause. It would be useless to present an epitome of what the witnesses said and to do so would disgrace and mortify several strangers to the suit. Each party tried to break the force of such facts as had an incriminating tendency by excuses and explanations which may be true, though it would severely tax human credulity to accept them. The explanations of one party are about as plausible as those of the other, and may be as easily believed. If both spoke truly, both are innocent of wrongdoing and there is no cause for a decree of divorce in favor of either; if both spoke falsely, they are alike guilty of profoundly wronging one another. For the plaintiff it is said the proof against him consists largely of statements made by his wife concerning what he told her; but we find considerable testimony besides hers which tends to convict him of grave misconduct. Our very careful study of the evidence has yielded no such belief in the innocence of one of these litigants as would impel us to disregard the finding of the court below. The judgment is, therefore, affirmed. All concur.