## JOHN L. MILES, Appellant, v. EDA MILES, Respondent.

### Kansas City Court of Appeals, May 17, 1909.

1. **DIVORCE: Decree: Duty of Court.** When a party shows himself entitled to a divorce under the law it is the duty of the trial court to grant it.

2. ———: ———: **Innocent Party: Evidence.** A party must not only establish a cause for the divorce but he must also show that he is the innocent party; and where the evidence shows that each of the parties are disentitled to a divorce it is proper to dismiss both the bill and the cross bill.

3. ———: ———: **Remarks of Court.** Remarks of the court preliminary to announcing the judgment are not sufficient to impeach the decree, since the chief concern is whether the judgment is right.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*J. H. Bremermann* for the appellant, John L. Miles.

(1) The court erred in refusing the plaintiff a divorce. (2) The plaintiff made the necessary proof to obtain his divorce and had and has a legal right to it. The court had no discretion to deny it. Grenzebach v. Grenze-

bach, 118 Mo. App. 280; Wald v. Wald, 119 Mo. App. 341; Wares v. Wares, 122 Mo. App. 129.

*Bruce Barnett* for respondent.

(1) The court committed no error in denying the divorce prayed for by appellant. Even if all the indignities testified to by him as having been committed by his wife are taken as true he is not entitled to divorce because it appears from the evidence that he has been guilty of intolerable indignities to her. (2) And where both parties have rendered to the other intolerable indignities and the defendant has filed a cross-bill asking divorce, neither party is entitled to a divorce. Wells v. Wells, 108 Mo. App. 88.

ELLISON, J.—Plaintiff instituted an action for divorce and defendant filed a cross-bill. The trial court refused a divorce to either and dismissed the bill. Plaintiff thereupon appealed to this court.

As insisted by plaintiff, it is quite true that in a divorce case if a party shows himself to be entitled to a divorce under the law it is the duty of the trial court to grant it. [Wares v. Wares, 122 Mo. App. 129; Wald v. Wald, 119 Mo. App. 341, 348.]

But it is also true that while one may show the acts and conduct of the other are sufficient to establish a cause for divorce if such acts had been committed against an innocent party, they will not establish a cause unless the party charging them is an innocent party. In this case the evidence discloses conduct on the part of each party which disentitles such party to a divorce. We will not set forth the evidence. Much of it is too vile and filthy for print. It is sufficient to say that we can well see why the trial court concluded to dismiss the petition and cross-bill. In affirming the judgment we find ourselves in much the same state of mind as was the St. Louis Court of Appeals in Wells v. Wells, 108 Mo. App. 88.

Counsel for plaintiff dwell much on some remarks made by the trial court preliminary to pronouncing judgment and seem to draw inferences from these that they are inconsistent with the judgment rendered. It is not a conclusive way to impeach a decree of divorce to show what may have been remarked by the court. Nor is it just to that court. The concern we have is to know whether the judgment was right, and we think it was. It is therefore affirmed. All concur.