<hr />

## ADOLPH WALLNER, Respondent, v. ANNIE WALLNER, Appellant.

### St. Louis Court of Appeals, November 12, 1912.

DIVORCE: Denial of Decree: Mutual Indignities: "Injured and Innocent Party." Where, in an action for divorce, the record discloses that neither party is an injured and innocent party and that each had offered indignities toward the other, a judgment awarding one of them a divorce will be reversed.

Appeal from St. Louis City Circuit Court.—*Hon. Edwin W. Lee,* Judge.

REVERSED AND REMANDED (*with directions*).

*John A. Talty* for appellant.

The evidence conclusively shows that the plaintiff is not an innocent and injured party. To entitle him to a divorce he must show this, must come into court

with clean hands. Miles v. Miles, 137 Mo. App. 39; Libbe v. Libbe, 157 Mo. App. 707; Reed v. Reed, 39 Mo. App. 473.

*Leahy, Saunders & Barth* for respondent.

Where the evidence adduced by plaintiff legally entitles him to a divorce, the appellate court will defer to the finding of the trial court granting a divorce, though the evidence in the case be conflicting. Under these circumstances, "the conflict of the evidence depending upon the credibility of the witnesses who gave it, it may be said to be the invariable rule of the appellate courts of our State to sustain the action of the trial court." Meyer v. Meyer, 158 Mo. App. 299; Stevenson v. Stevenson, 29 Mo. 95; King v. King, 42 Mo. App. 454; Munchow v. Munchow, 78 Mo. App. 99; Maget v. Maget, 85 Mo. App. 6; Endsley v. Endsley, 89 Mo. App. 596.

NORTONI, J.—This is a suit for divorce. The court found the issue and entered a decree in favor of plaintiff, and defendant prosecutes the appeal.

There are numerous charges of indignities set forth in the petition, and defendant laid divers charges against plaintiff in her cross-bill. It appears that the parties were married on June 20, 1900. Plaintiff owned a saloon and installed his wife in a home above the dramshop. Many of the charges made in both plaintiff's petition and defendant's cross-bill, and referred to in the evidence on either side, pertain to excessive use of intoxicating liquor on the part of both plaintiff and defendant. From what appears in the record, it would seem that the environment of the parties and the business of plaintiff, together with requiring the defendant wife to reside immediately over the saloon, contributed much to the grievances complained of on both sides. There are many other charges and coun-

tercharges which it would serve no good purpose to mention. The evidence reveals a state of conduct on both sides, which, to say the least, is neither inspiring nor elevating in moral tone.

After reading the record, we have concluded that no good purpose would be served by setting out the evidence in full and that nothing whatever conducive to good would be contributed to the literature of the law by pointing out in detail specifications that we consider as proved and others as unproved. It is obvious that however much either plaintiff or defendant may have suffered from the fault of the other, neither plaintiff nor defendant is an innocent and injured party in the sense essential in the law authorizing divorce. In many respects both were culpable and, while there is no suggestion of unchastity on the part of the wife, there is much to suggest wrongdoing by the husband. Enough appears to disclose that he may not be decreed an innocent and injured party, and because of this, the judgment awarding the divorce to him should be reversed. The conduct of the defendant wife toward her husband was such that would preclude her right to divorce on the same grounds, for though her faults may have been augmented by her environment and husband's habits, she may not be regarded an innocent and injured party.

Entertaining these views, it is ordered and decreed that the judgment granting plaintiff husband a divorce be reversed and the cause remanded with directions that both the plaintiff's petition and the defendant's cross-bill be dismissed. All of the judges concur.