Collett v. Collett.

JASON COLLETT, Appellant, v. MARY COLLETT, Respondent.

Kansas City Court of Appeals, May 19, 1913.

1. DIVORCE: Alimony Pendente Lite: Desertion. The plaintiff sued for a divorce from the defendant, a nonresident, on the ground of desertion. The defendant filed an answer and cross petition. After hearing the evidence the court refused to grant a divorce to either party. The plaintiff appealed. In the order granting the appeal the court allowed the defendant $50 suit money. *Held*, that the allowance of alimony *pendente lite* is a subject over which the trial court has a wide discretion and this court will not interfere in such matters unless it clearly appears that such discretion has been abused.

2. ———: Desertion. A wife is not bound to follow her husband if he wishes to go without her and to live in peace alone, and she cannot be said to have deserted her husband unless she refuses compliance with his wish that she shall follow.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*J. B. Johnson* for appellant.

(1) The husband's home is the home of the wife, and it is her duty to follow, go with, or to him, where he resides. Messenger v. Messenger, 56 Mo. 329; Wilson v. Craig, 175 Mo. 405; Schuman v. Schuman, 93 Mo. App. 99. (2) Where the wife has means of her own no temporary alimony or suit money should be allowed her in a divorce suit. Penningroth v. Penningroth, 71 Mo. App. 438; Lambert v. Lambert, 109 Mo. App. 19; Stark v. Stark, 115 Mo. App. 436.

*Harvey C. Clark* for respondent.

(1) When the evidence is conflicting the appellate court will defer largely to the finding of the trial court. Miller v. Miller, 106 Mo. App. 683; Tarlotting v. Tarlotting, 82 Mo. App. 192-200. (2) The allowance of

alimony *pendente lite* is largely within the discretion of the trial court, and will not be interfered with unless it clearly appears that such discretion has been abused. Robertson v. Robertson, 137 Mo. App. 93; State ex rel. v. Seddon, 93 Mo. 520; Adams v. Adams, 49 Mo. App. 592; McClosky v. McClosky, 68 Mo. App. 199; Stark v. Stark, 115 Mo. App. 436. (3) The objection to the depositions read in evidence should have been made by motion to suppress timely filed. Abbott v. Milling Company, 112 Mo. App. 554; Hoyburg v. Henske, 153 Mo. App. 72; Holman v. Bacher, 73 Mo. App. 51.

JOHNSON, J.—This is an action for divorce begun in the circuit court of Vernon county on August 9, 1912. The ground alleged is desertion. Defendant lives in Freeburg, Illinois, and was served by publication. She appeared and filed an answer and cross-petition alleging indignities, drunkenness and desertion as grounds on which she should be granted a decree. After hearing the evidence the court refused to grant a divorce to either party and entered judgment dismissing the petition and cross petition. Plaintiff appealed. In the order granting the appeal the court allowed defendant fifty dollars suit money. Plaintiff excepted to and appealed from this order.

The parties were married in 1876 and have had two children—a daughter long deceased and a son who is fifteen years old and living with his mother. Plaintiff was a railway freight conductor and spent but little of his time at home. We infer from the evidence that during the first twenty-five years of their married life his intercourse with his family was confined to occasional and brief visits. He contributed to their support but defendant was the mainstay of the family. She and her children lived on a farm of fifty acres near Freeburg owned by her father who died in 1907, leaving the farm to her.

Plaintiff's father died in 1902, leaving him a farm of one hundred acres in Vernon county. About this time he quit the railway service and lived with his wife and her father until 1905, when he went to live alone on his farm in Vernon county. He did not offer to take his family with him for the reason that the place in its unimproved condition was not suitable for their residence. He remained in Vernon county three years and had a stroke of paralysis from which he partially recovered. Defendant went to see him and he returned with her to Freeburg and remained there two years. Then he came back to Vernon county alone and has been living there on his farm ever since. He states he asked defendant to accompany him and live with him on his farm and that she refused on the ground of her attachment to her lifelong home and it is upon this alleged request and refusal that he founds his claim of desertion. Defendant denies that any such request occurred and we think her testimony on this point is supported by the clear weight of all the evidence which shows that plaintiff left his wife out of the desire to be separated from her, a desire which she also entertained. The apparent fact is that this couple had lived apart so continuously in their youth as to become estranged and when they did finally attempt to live together they found the association to be impossible and intolerable. Discord ruled their home and caused them to quarrel and even fight over the most trivial things. Both were adepts in connubial disputation and they were evenly matched in physical contests. Neither treated the other with kindness and affection and neither should prevail in this action. A party to a proceeding of this character to be entitled to a decree of divorce must show, not only that he is an injured party, but also that he is innocent of a breach of marital duty. Defendant suffered many indignities from her spouse but she repaid him in kind and frequently was the aggressor. The same may be said of plaintiff.

It was "six of one and a half a dozen of the other," and they finally separated from mutual exhaustion and disgust.

Counsel for plaintiff point to the time honored duty of the wife to follow her husband wheresoever he may choose to go, to live with him and abide by his fortunes in sickness and health, in poverty and riches and to make his will her law where it is not in conflict with the law of God (Messenger v. Messenger, 56 Mo. l. c. 335.), and say that since defendant did not follow her husband to Vernon county she deserted him. She was not bound to follow him if he wished to go without her and to live in peace alone, and a wife cannot be said to have deserted her husband unless she refuses compliance with his wish that she shall follow him. The evidence fails to sustain the charge of desertion and if it did, still we would approve the judgment on the ground that plaintiff has not shown himself to be an innocent party.

There is no merit in the point that the court erred in the allowance of suit money. The subject of the allowance of alimony *pendente lite* or suit money is one over which the circuit judge is allowed a wide discretion and we do not interfere in such matters unless it clearly appears that such discretion has been abused. [State ex rel. v. Seddon, 93 Mo. 520; Robertson v. Robertson, 137 Mo. App. 93.] After giving due consideration to the pecuniary circumstances of the respective parties we are satisfied that the order falls within a proper exercise of judicial discretion and it will not be disturbed.

Finally it is urged that error was committed in admitting in evidence certain depositions offered by defendant but the point must be ruled against plaintiff under the rule applied by this court in the case of Abbott v. Mining Co., 112 Mo. App. l. c. 554.

The judgment is affirmed. All concur.