Louis B. Cherry, Appellant, v. Myrtle Cherry, Respondent.—
35 S. W. (2d) 659.

Kansas City Court of Appeals. January 26, 1931.

*E. C. Hall* for appellant.

No brief for respondent.

BLAND, J.—This is an appeal from the action of the court in setting aside, upon its own motion, a decree of divorce granted to the plaintiff.

The divorce was granted upon December 10, 1929. No personal service was had upon the defendant, who resided in the State of

California, but she was given notice by publication. Defendant did not appear at the trial. Thereafter, on January 9, 1930, Theodore C. De Feo, of the Jackson county bar, filed a motion to set aside the decree of divorce alleging that he was the acting divorce proctor and *amicus curiae* of the court. Among the grounds alleged in the motion for the setting aside of the decree was that since the granting of the decree "your aivorce proctor is informed and believes that since the marriage between plaintiff and defendant in this cause, this plaintiff has gone through the form of marriage and has entered into marital relations with two other separate and distinct women and has by said two other separate marriages five additional children of this plaintiff, all with the full knowledge that this plaintiff and defendant were still married and that this defendant was alive."

Over the objection of the plaintiff the court conducted a hearing upon the motion, treating the motion as a suggestion to the court that it should exercise its discretion during the term to set aside the judgment upon its own motion.

The facts show that the decree of divorce was granted on the ground of desertion; that the parties were married on December 29, 1899; that they lived together as husband and wife until May, 1907, when they separated, and had not lived together since. One child, a son, was born of the marriage. Upon a hearing of the motion to set aside the decree it was developed that shortly after the separation plaintiff began to cohabit in another state with a woman other than his wife; that he continued his adulterous relations with this woman until 1910 or 1911; that two children were born to the parties to this misalliance; that on July 25, 1914, plaintiff went through the form of marriage in Kansas City with another woman and lived with her until December 31, 1928. Three children were born to these parties. Prior to the ceremony of marriage with the woman last mentioned plaintiff told her that he had been married but that his wife had died in an insane asylum. Plaintiff testified that he told her that he had been divorced from his wife. He stated to the court on the hearing of the motion that when he went through the form of marriage that he thought that he was divorced, as his wife had written his sister, who had shown him the letter, that his wife had applied for a divorce in the State of South Dakota or Montana. Plaintiff admitted his adulterous cohabitation with the first woman. None of the facts concerning the relationship of plaintiff with the two women, other than his wife, were disclosed at the trial wherein the divorce was granted.

The facts further show that between the date of the granting of the divorce and the filing of the motion by the divorce proctor, plaintiff married another, or a fourth woman. He testified that he was acquainted with this woman before he secured the decree and that

she knew that he was attempting to get it; that when he finally obtained it he advised the lady of that fact and they were married. The court at the conclusion of the hearing upon the motion filed by the divorce proctor set aside the decree. This action was taken by the court on January 11, 1930, the last day of the term at which the decree was granted. Plaintiff has appealed.

It is insisted by the plaintiff that the court erred in entertaining the motion filed by the divorce proctor, "who is a non-entity in law, nor representing the defendant or either party to the action;" that no such hearing like the court conducted is recognized in the law. We think there is no merit in these contentions. It is well settled that during the term of the court at which a judgment is rendered, the judgment is in the breast of the court and, in the exercise of its common-law right, it may, in the interest of justice, set aside the judgment upon its own motion and that the appellate court will not interfere with its action unless it abuses its discretion in the matter. [Ewart v. Peniston, 233 Mo. 695, 709, 712; Scott v. Smith, 133 Mo. 618, 622, 623; Stutz v. Mulligan, 223 S. W. 128; Hulbert v. Tredway, 159 Mo. 665, 668; 46 C. J. pp. 283, 284; 19 C. J. p. 164.] In the case of Ewart v. Peniston, supra, it was held that the court, in setting aside a judgment of its own motion, has a right to seek information from any source. [See State v. Baldwin, 317 Mo. 759, 763.] There is no question but that what the court can do of its own motion it can do upon suggestions of an *amicus curiae*. [Parker ex rel. v. State, 18 L. R. A. 567 (Ind.); Robinson v. Lee, 122 Fed. 1010; People v. Gibbs, 70 Mich. 425; Irwin v. Armuth, 129 Ind. 340, 342; The Gray Jacket, 5 Wallace's Rep. 370.]

It is quite apparent that the discretion of the court in setting aside the decree was not arbitrarily exercised in this case. The statute (section 1809, Revised Statutes 1919) provides:

"In all cases where the proceedings shall be *ex parte*, the court shall, before it grants the divorce, require proof of the good conduct of the petitioner, and be satisfied that he or she is an innocent and injured party."

Section 1801, Revised Statutes 1919, provides that adultery shall be a ground for divorce. [See Million v. Million, 106 Mo. App. 680.] It is well settled that where both parties have been guilty of conduct constituting grounds for divorce, neither party is entitled to it. [Straley v. Straley, 221 Mo. App. 1136.] Had the court known, at the time the decree was granted, of the misconduct of the plaintiff it would have been the duty of the court to have refused him a divorce. We are of the opinion that the court not only did not abuse its discretion but we cannot comprehend how it could have done otherwise.

It is claimed that, in order to prevent plaintiff from obtaining a divorce, his misconduct must have occurred during the period of his cohabitation with the defendant. The case of Reed v. Reed, 39 Mo. App. 473, 477 and like cases cited by the plaintiff do not so hold. The statute makes no such exception and, of course, there is none. [Mathewson v. Mathewson, 18 R. I. 456.]

It is insisted that the motion filed by the divorce proctor is in the nature of a bill of review and as the statute (section 1812, Revised Statutes 1919) prohibits a petition for review in divorce actions, the court erred, for this reason in setting aside the decree. There is no merit in this contention. Neither the motion nor the action of the court can be considered as a review of the decree within the meaning of the statute. [See Dorrance v. Dorrance, 242 Mo. 625; Dorrance v. Dorrance, 257 Mo. 317, where the nature of the petition of review contemplated by section 1812, Revised Statutes 1919, is fully explained.

It is claimed, however, that the court could not go outside of the record made in the trial of the cause in ascertaining facts upon which to base an action to set aside the decree upon its own motion. There is no merit in this contention. [Ewart v. Peniston, supra; Warren v. Ry. Conductors of Am., 199 Mo. App. 200, 207, 208; Grenzebach v. Grenzebach, 118 Mo. App. 280, 284.] We have examined the cases cited by plaintiff and find them not in point.

The fact that defendant is not a moving party in the matter is of no consequence. The State or the public is regarded, in a limited sense, as a party to a divorce suit and it is always competent for the court to elicit evidence tending to show that plaintiff is not the innocent or injured party. This he may do by causing subpoenas to be issued to witnesses of his own choosing. [Grenzebach v. Grenzebach, supra.]

It is insisted that on account of the re-marriage of plaintiff the court abused his discretion in setting aside the decree. Courts are slow to set aside a default decree of divorce, if, since the rendition thereof, plaintiff has re-married. While such re-marriage does not prevent a vacation of the decree, it will not be set aside after a second marriage except upon the most satisfactory showing. [19 C. J., pp. 163, 169.] This is largely because of the injustice done to an innocent person who has contracted the marriage on faith of the decree of the court, and the calamity entailed of having the decree reversed and the marriage made void. [See 2 Bishop on Marriage and Divorce, section 1533.]

However, the facts in the case at bar show that the lady in question was a friend of the plaintiff before he obtained the divorce, and the inference to be drawn from his testimony is that he kept her advised of the situation; that she knew that he was "going to

try to get a decree of divorce,'' and when he obtained it he advised her of this fact and married her. The inference is strong from the testimony that these parties contemplated marriage before the decree was rendered, in other words, while plaintiff was still the husband of defendant. It therefore appears that the lady in question was not concerned with the proprieties of the situation. Not only this, she was married before the term of court expired at which the decree was rendered. While there is no evidence that she knew of the misconduct in question of the plaintiff, she must be presumed to have known that the decree was in the breast of the court during the term and that it was subject to be set aside at the discretion of the court (a discretion, though not absolute, very broad), and, therefore, she knew of the unstable character of the decree. Her conduct in entering into the marriage was rather hasty, to say the least, and we do not think that her position is that of entire innocence.

The evidence shows that the court acted as soon as he obtained information of the situation. In fact there is no contention, nor could there be any, that the court did not act within a reasonable time. So we are not required to decide what effect a failure of the court to act promptly, if there had been such a failure, would have upon the situation. We think, under the circumstances, that there was no abuse of discretion in this matter. [Vanness v. Vanness, 194 S. W. 498; Scripture v. Scripture, 24 N. Y. S. 301.]

The judgment is affirmed. *Arnold, J.*, concurs; *Trimble, P J.*, absent.