Margaret O. FREEBAIRN, (Plaintiff) Respondent,

v.

Darwin L. FREEBAIRN, Jr., (Defendant) Appellant.

No. 30818.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 17, 1961.

Nouss, Bamburg & Gaebe, Harold B. Bamburg, Harold C. Gaebe, Jr., Clayton, for appellant.

Morris A. Shenker, Bernard J. Mellman, and Cook, Murphy, Lance & English, D. Jeff Lance, and James H. Meredith, St. Louis, for respondent.

ANDERSON, Presiding Judge.

In this action plaintiff, Margaret O. Freebairn, brought suit for divorce against her husband, Darwin L. Freebairn, Jr. The grounds alleged in her petition were general indignities. To this petition defendant filed an answer and cross-bill. In his cross-bill defendant sought a divorce from plaintiff, alleging as grounds therefor general indignities. Custody of the two minor children of the parties was sought by both parties. A trial was had on the issues raised by the pleadings and resulted in a decree granting a divorce to plaintiff on her petition and granting a divorce to defendant on his cross-bill. By its Decree, the trial court also awarded custody of the minor children to plaintiff, ordered .payment of child support by defendant, denied plaintiff alimony, provided for visitation rights by defendant, awarded defendant temporary custody of the children during certain periods, and allowed plaintiff an attorney's fee.

Thereafter, plaintiff filed a timely motion, which prayed for modification of the judgment, alleging, inter alia, as grounds therefor, that:

"(c) There was no evidence upon which the Court could reasonably find grounds to grant a divorce to the defendant."

Defendant filed a like motion, alleging as grounds therefor, that:

"(c) There was no evidence upon which the Court could reasonably find grounds to grant a divorce to plaintiff."

Thereafter the court entered an order granting a new trial to both parties, said order reading as follows:

"Plaintiff's and defendant's motions (2) for 'Judgment, or, in the alternative, a new trial' are both sustained as to a new trial on the grounds set out in paragraph (c) of each of said motions. Said motions are in all other respects overruled.

"It is accordingly ordered that the Order and Decree entered herein on August 31, 1960, be and it is hereby set aside, except that portion thereof contained in the last paragraph allowing attorney's fees to plaintiff to be paid by defendant."

From the foregoing order defendant has appealed. An abbreviated transcript containing only the record in the trial court and none of the testimony has been filed in this court by appellant.

■ It is urged by the appellant that the trial court erred in granting each of the parties a new trial and that the proper order should have been one dismissing the petition and cross-bill. The order granting a new trial to the parties specified there was no evidence upon which the court could reasonably find grounds for divorce for either party. In other words, there was a failure of proof. Civil Rule 78.01, V.A.M.R., provides that the trial court may award a new trial of any issue upon good cause shown and in any case where there has been a failure of proof. Under this rule the action of the trial court was proper.

■ If upon a retrial it should appear that both parties are guilty of acts constituting grounds for divorce, neither should be granted a divorce. Cherry v. Cherry, 225 Mo.App. 998, 35 S.W.2d 659; Harris v. Harris, Mo.App., 223 S.W. 771; Coons v. Coons, Mo.App., 236 S.W. 358; Miles v. Miles, 137 Mo.App. 38, 119 S.W. 456; Wallner v. Wallner, 167 Mo.App. 677, 150 S.W. 1082; Collett v. Collett, 170 Mo. App. 590, 157 S.W. 90; Wells v. Wells, 108 Mo.App. 88, 82 S.W. 1103. One seeking a divorce must prove himself or herself to be an injured and innocent party. Simon v. Simon, Mo., 248 S.W.2d 560. See also our opinion in Ezell v. Ezell, Mo.App., 348

S.W.2d 592, where we expressly overruled Culp v. Culp, Mo.App., 164 S.W.2d 623, in so far as it held that a plaintiff in a contested case need not prove that he or she is an innocent party.

The order appealed from is affirmed.

RUDDY and WOLFE, JJ., concur.