**Verdie Hazel FUDGE, (Plaintiff) Appellant,**

**v.**

**Robert Lincoln FUDGE, (Defendant) Respondent.**

**No. 30670.**

St. Louis Court of Appeals.

Missouri.

March 20, 1962.

Motion for Rehearing or Revision of Opinion Denied April 12, 1962.

James P. Hayes, John F. White and Hayes & Hayes, St. Louis, for appellant.

Paul Taub, Overland, for respondent.

ANDERSON, Presiding Judge.

This is a divorce suit brought by Verdie Hazel Fudge against Robert L. Fudge. Defendant filed a crossbill wherein he sought a divorce from plaintiff on the grounds of general indignities. A reply was filed by plaintiff which admitted the marriage, the separation of the parties, the residences of the parties, and that no children were born of the marriage. It also contained a general denial of all allegations except those admitted. When the cause came on for hearing plaintiff dismissed her petition, and the cause then proceeded on defendant's crossbill and plaintiff's reply thereto. The hearing resulted in a finding and judgment in favor of defendant. Plaintiff has appealed from the judgment.

In this court plaintiff concedes that defendant's evidence shows her to be guilty of conduct which would entitle defendant, if he were an innocent party, to a decree of divorce. But plaintiff contends that defendant's own evidence shows that he is not an innocent party, and for that reason the judgment should be reversed.

The testimony shows that these parties were married April 26, 1946. During the time of the marriage these parties, for several years, owned and operated a tavern in Ballwin, Missouri, where 3.2 beer and food was sold. Defendant worked at his trade as a plumber during the day and at the tavern during the evening hours.

The defendant's evidence tended to prove a sufficient number of the charges in the crossbill to warrant the granting of a divorce to him on the grounds of indignities. It would serve no useful purpose to detail the sordid story told by defendant and his witnesses concerning the conduct of his wife, in view of the admission made in this court on her behalf. Suffice it to say that defendant, and seven witnesses produced by him, gave extensive testimony in support of the allegations made against plaintiff. In general this testimony was to the effect that plaintiff was drunk on many occasions, cursed her husband frequently in the presence of others, falsely accused him of associating with other women, performed disgusting acts while intoxicated in the presence of others, to the great embarrassment of defendant, and struck and beat defendant on several occasions. Plaintiff did not take the witness stand to deny any of this evidence, nor did she present any witnesses to testify in her behalf. We are convinced by the evidence that plaintiff was guilty of conduct which would have entitled defendant to a divorce if defendant was an innocent, as well as an injured, party.

The burden was on the defendant not only to prove marital misconduct on the part of plaintiff, but also to show affirmatively that he was an innocent party. Ellebrecht v. Ellebrecht, Mo.App., 243 S.W. 209; Simon v. Simon, Mo., 248 S.W.2d 560. Where both parties are guilty of misconduct constituting grounds for divorce, neither should be granted a divorce. Freebairn v. Freebairn, Mo.App., 349 S.W.2d 486; Cherry v. Cherry, 225 Mo.App. 998, 35 S.W.2d 659; Harris v. Harris, Mo.App., 223 S.W. 771; Coons v. Coons, Mo.App., 236 S.W. 358; Miles v. Miles, 137 Mo.App. 38, 119 S.W. 456; Wallner v. Wallner, 167 Mo.

App. 677, 150 S.W. 1082; Collett v. Collett, 170 Mo.App. 590, 157 S.W. 90; Wells v. Wells, 108 Mo.App. 88, 82 S.W. 1103.

Plaintiff urges that in the instant case, defendant, by his own testimony, gave evidence of conduct so reprehensible as to provide plaintiff with ample grounds for divorce, and proved beyond doubt that he was not an innocent party. This testimony was elicited on cross-examination of defendant. We will briefly review this testimony.

During 1958 Mrs. Minnie Rucker assisted defendant in the operation of the tavern. Mrs. Rucker was an unmarried woman and lived alone in a cottage at a place called Dreamland. It was the practice of defendant to work at his calling as a plumber during the daytime, and in the evenings he would take over the bar at the tavern. After closing the tavern for the night defendant would take Mrs. Rucker home. Upon arriving at Mrs. Rucker's home, defendant would go into the cottage and spend several hours alone with her during which time, according to defendant, he and Mrs. Rucker would drink coffee, relax, talk and go over the tavern books. Defendant denied he ever had sexual intercourse with Mrs. Rucker while there. The time spent with Mrs. Rucker varied. It would be from 2:00 A.M. to 4:00 A.M. or 6:00 A.M. He stated there might have been several occasions when he stayed until six o'clock in the morning. This continued over a period of several months, and during two months when defendant's wife was confined to the hospital. His visits to Dreamland occurred four or five days a week. Defendant testified he had seen Minnie Rucker during the last two weeks prior to the trial, but denied that he was staying with her.

■ From the transcript it appears that the only thing that gave the trial court pause in deciding the case was whether there was proof of adultery on the part of defendant, which would bar his action for divorce. The court evidently decided there was no such proof, for defendant prevailed, notwithstanding his admissions in regard to his associations with Mrs. Rucker. It is urged here that the evidence at least showed indignities which would have been sufficient grounds for granting plaintiff a divorce had she herself been an innocent party. To this we are compelled to agree. In our view of the case defendant failed to meet the burden placed upon him to prove that he was such an innocent and injured party as was entitled to a divorce.

The judgment of the Circuit Court is accordingly reversed.

RUDDY and WOLFE, JJ., concur.