Theodore Ray BUFORD, Sr., Plaintiff-Respondent,

v.

Beulah BUFORD, Defendant-Appellant.

No. 24922.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Donald F. Price, Kansas City, for defendant-appellant.

M. Randall Vanet, Kansas City, for plaintiff-respondent.

SPERRY, Commissioner.

This is an appeal from a judgment setting aside a divorce decree granted to Beulah Buford on her cross petition to the petition for divorce filed by her husband, Theodore Ray Buford. After the divorce decree was rendered Theodore filed the instant motion to quash the decree, set it aside, and to reinstate his petition for divorce. As grounds for this motion plaintiff alleged fraud practiced by defendant on the plaintiff and on the court.

Plaintiff pleaded that defendant had given birth to two children not sired by plaintiff. He alleged that only the two oldest of four children in the home, namely Theodore Ray and Bryan James were born of this marriage. The petition was verified under date of October 7, 1965.

More than a year later defendant filed her answer and cross petition wherein she named the four children then in her care and custody, alleged that they were born of the marriage, and prayed for their custody and for child support, alimony and attorney fees.

*On April 1, 1967,* plaintiff filed answer to defendant's cross petition *admitting defendant's allegation that the four children mentioned in her cross petition were born of the marriage.* He alleged that he was the innocent and injured party and prayed for divorce under his petition.

On April 26, 1967, the divorce case came on for hearing. Defendant was represented by counsel and was present in court. Plaintiff was represented by his then counsel who withdrew plaintiff's petition and consented that defendant should proceed to trial on her cross petition.

Defendant testified to her marriage with plaintiff in 1953 and separation from him in 1958. She recited her complaints, that plaintiff would not work and support the family and that he would bring his girl friend to the home. She stated that there were four children born of the marriage, Theodore, Bryan, Billy and Shelia. She asked for their custody, child support, attorney fees, but no alimony. She requested an allowance of $30.00 per week for all of the four children. In answer to the court's inquiry she stated that the four children mentioned were plaintiff's children and hers. She stated that, after separation in 1958, her husband would come home and they would have intercourse.

The motion to set aside the decree for fraud is based on plaintiff's contention that defendant sought and obtained legal action against one William Fields as the father of Billy and Shelia, the two younger children here involved. It was also alleged that plaintiff and defendant had met and agreed that defendant should have custody of the two older children, born of the marriage, Theodore and Bryan; that she should receive reasonable child support for them; that there would be no alimony; that plaintiff's attorney alone would represent the parties in order to minimize expenses; and that, on April 26, 1967, plaintiff was advised by his then attorney that he need not appear in court; that said attorney would appear for him. It is claimed that plaintiff was thereby deceived and did not appear in court; that he expected a decree would be entered in accordance with the understanding reached between plaintiff and defendant.

The allegations of the motion are shown to have been read by plaintiff who, under oath, stated that they were true. There were also attached some supporting affidavits and exhibits and, at the trial, some evidence was heard on the motion. The testimony of defendant was taken at the instance of plaintiff. Defendant was questioned regarding whether or not she made complaint to the Jackson County Welfare Office or to the Prosecuting Attorney's office in the prosecution of her claim then made that Willie Fields was the father of Billy and Shelia Buford. Upon advice of counsel she refused to answer any and all questions propounded to her covering this matter, on the grounds that her answer might tend to incriminate her. Her coun-

sel advised the court that refusal to answer was based on her claim to protection under the Fifth Amendment.

Thereafter the court made findings of fact which are well supported and established by the evidence, to wit:

## "FINDINGS OF FACT

"1. On April 26, 1967, plaintiff appeared by attorney but not in person. Plaintiff's attorney asked and was granted leave to dismiss the plaintiff's petition for divorce. Defendant appeared pro se and by attorney. Evidence was heard on defendant's cross-petition. A decree of divorce was granted to defendant and custody of four minor children, alleged by defendant to be the children of plaintiff and defendant, was granted to defendant. Judgment was entered for defendant and against plaintiff for child support in the total amount of $32.00 per week, being $8.-00 per week for each of said children. Judgment for attorney's fees in the sum of $200.00 was also given to defendant against plaintiff.

"2. On May 26, 1967, being 29 days after the entry of said decree, plaintiff filed a motion to set aside and quash said decree and to reinstate plaintiff's petition and for trial setting. Said motion was verified by plaintiff and an affidavit in support of said motion duly executed by John Richard Meacham, as assistant prosecuting attorney in the prosecutor's office of Jackson County, Missouri, was attached to and filed with said motion, together with several exhibits of the Jackson County Welfare Office.

"3. Said motion was called up for hearing June 1, 1967, which was more than thirty days after the entry of the decree, although said motion was filed in the office of the Clerk of the Circuit Court prior to the expiration of the thirty days.

"4. In the hearing on said motion plaintiff appeared pro se and gave sworn testimony. Mr. Meacham, assistant prosecut-ing attorney, also appeared and testified under oath.

"5. Plaintiff claimed fraud in connection with the proceedings and hearing on April 26, 1967. There was evidence that defendant had presented to the plaintiff that she would seek child support for only two children admittedly born of the marriage, to-wit: Theodore and Bryan Buford. Sworn testimony, as well as the affidavit of Mr. Meacham was that defendant, Beulah Buford had alleged non-support of the children Billy and Shelia, by their alleged father, William Fields. Mr. Meacham's affidavit and testimony were to the effect that the defendant had gone to the prosecutor's office on several occasions seeking prosecution of one William Fields as the alleged father of Billy and Shelia Buford for claim of failure of said William Fields to support said children. The prosecutor's files in these cases and copies from the Jackson County Welfare Office reports wherein Beulah Buford, the defendant had claimed William Fields was the father of these children were put in evidence.

"6. The court finds that the facts constituting the proposed defense—that a fraud had been perpetrated by defendant upon the court and the plaintiff in procuring the default divorce by defendant on April 26, 1967 are set forth in detail in the supporting affidavit and are found to be sufficient.

"7. The court finds that the plaintiff was not present at the default hearing and that the evidence is persuasive that plaintiff was absent therefrom and permitted defendant to take a default judgment on the representation by defendant to plaintiff that she would only seek support for the two children who are admittedly the children of the plaintiff and defendant, and evidence as to defendant's claim for child support for the other two children from one Fields, alleged by the plaintiff to be the father of the said two children, indicates that the defendant perpetrated a fraud upon the Court and upon the plain-

tiff in procuring the default divorce and not disclosing said facts".

Defendant contends that, since plaintiff was represented in court by counsel at the time the divorce case was heard that this was not a default decree. We do not attempt to explain why plaintiff's counsel filed an answer to the cross petition admitting his parenthood of Billy and Shelia when, in his petition for divorce, plaintiff denied such paternity. The court found substantial evidence in support of the claim made by plaintiff that he did not appear in court because he had been assured that no claim for child support would be made as to the above two young children.

■ However this may be, the court found that fraud had been practiced on it because defendant testified at the divorce hearing that both parties to that action were the parents of all four of the children and failed to inform the court that in other forums she had represented that Willie Fields was the father of Billy and Shelia. This constitutes the practice of fraud on the court. If defendant had stated all of the facts, which she well knew, the court would not likely have entered the decree ordering that plaintiff pay child support on account of these two last mentioned children. Her guilty knowledge was indicated when she refused to give any testimony, at this hearing, concerning her previous claims that Fields was the parent of these children.

In Hemphill v. Quigg, Mo., 355 S.W.2d 57, 62–63, the court said:

"An equity court has the power to vacate a decree of divorce for extrinsic fraud in the procurement of the judgment notwithstanding the prevailing party has remarried, Cherry v. Cherry, 225 Mo.App. 998, 35 S.W.2d 659, 661 [10]; 27A C.J.S. Divorce § 171A p. 668; and notwithstanding one of the parties has died * * *". In J. R. Watkins Co. v. Hubbard, Mo.App., 343 S.W.2d 189, 192, this court stated that it is a familiar rule that equity will relieve against a judgment for extrinsic fraud, ac-

cident and mistake. At page 193 of that opinion the court quoted extensively from Fisher v. Fisher, 114 Mo.App. 627, 90 S.W. 413. The case at bar falls within the rule there applied.

There was strong and convincing evidence of fraud in this case and the court found that fraud had been committed. We agree with that finding.

*The judgment is affirmed.*

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.