**Carl R. DAY, Appellant,**

v.

**Margaret M. DAY, Respondent.**

**No. 24959.**

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Lester B. Adams, Kansas City, for appellant.

Louis Wagner, Kansas City, for respondent.

MORGAN, Judge.

In this divorce case, the husband is plaintiff. The wife responded to his petition by filing an answer in the nature of a general denial. At the conclusion of the husband's testimony, the trial court found him not to be innocent and by its decree awarded the wife an allowance for attorney fee and denied the divorce. The husband has appealed.

His petition set out the date of marriage as April 13, 1935, and the separation date as January 1, 1958. The misconduct of the wife, among other things, was alleged to have included excessive drinking and consorting with other men. The children were emancipated and a divorce was the only relief sought.

The husband as a witness testified as to the misconduct of the wife and estab-

lished that it stemmed primarily from her regularity in frequenting various taverns. On cross-examination, he readily admitted his own adulterous conduct. Although from the record it might be argued otherwise, we accept his view of the testimony that his disregard of the marriage vows began after the separation. He named one female individual with whom he had lived for three years, and when asked by the court if he had had sexual relations with other women since 1958, he answered, "Absolutely." In rationalizing his position, he declares, "When a couple have been separated for some 8 or 9 years, as in the case at bar, common sense tells us each will have ignored their marriage vows during those years." We need not comment on nor attempt to speculate as to the correctness of such an academic statement, but we will limit our review to deciding if such conduct by plaintiff, whether commonplace or not, disqualifies him from obtaining a divorce in this state.

Basically, the husband contends that the requirement a person seeking a divorce must be legally "innocent and injured" is outmoded, should be abandoned, and that a divorce should be granted without regard to marital fault. The argument is not novel. Our Supreme Court in 1869 in the case of Hoffman v. Hoffman, 43 Mo. 547, construed the counterparts of what are now Sections 452.010 and 452.090 V.A. M.S. and declared, "If both parties have a right to divorce, neither party has." Inherent in this basic rule is the requirement a party seeking relief must be "innocent" of any misconduct which would give his or her spouse corresponding grounds for divorce. In the intervening one hundred years, the appellate courts of this state have repeatedly restated this rule and consistently followed and applied the standards found in the Hoffman case. Mo.Dig., Divorce, ⬤ 55; Simon v. Simon, Mo., 248 S.W.2d 560; Cody v. Cody, Mo.App., 233 S.W.2d 777; Fudge v. Fudge, Mo.App., 355 S.W.2d 381; Ezell v. Ezell, Mo.App., 348 S.W.2d 592; Gregg v. Gregg, Mo.App., 416 S.W.2d 672;

J. v. K., Mo.App., 419 S.W.2d 461; Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483. In the latter case, our Supreme Court stated that making proof of innocence an affirmative burden of the plaintiff was " * * * neither more nor less than an application of the equitable doctrine of 'clean hands' to a divorce action." If we are to give more than lip service to this doctrine, it matters not whether the plaintiff's misconduct occurred during cohabitation with the wife or after their separation. Cherry v. Cherry, 225 Mo.App. 998, 35 S. W.2d 659, 661; Glenn v. Glenn, Mo.App., 192 S.W.2d 629. With adultery being listed as a specific ground for divorce in Section 452.010, V.A.M.S., plaintiff forfeited any claim of innocence. It was not necessary for the husband's misconduct to be alleged as recriminatory matter in the wife's answer. First, because the plaintiff had the affirmative burden of showing his freedom from such misconduct, and secondly, the right of the trial court to protect the interests of the public was "not concluded by a failure to plead." Owen v. Owen, 48 Mo. App. 208; Cody v. Cody, Mo.App., 233 S. W.2d 777; Brackmann v. Brackmann, Mo. App., 202 S.W.2d 561. As we said in Langshaw v. Langshaw, Mo.App., 331 S.W.2d 15, " * * * a divorce is not to be granted for the mere asking." A further argument is made that the failure of the wife to testify prevented the trial court from knowing whether or not she had consented to the husband's misconduct. Such evidence of collusion could only have created a further bar to divorce as specifically provided in Section 452.030, V.A.M.S. The overall tenor of plaintiff's argument is that there is no advantage in leaving the parties married. In view of the parties' conduct, it would not be facetious to say we can see little disadvantage to them. Although equitable principles are applied, a proceeding for divorce is a statutory action, and this court is not the proper forum to consider the suggested desirability of changing the law on the subject. State ex rel. Couplin v. Hostetter, 374 Mo. 770, 129 S.W.2d 1, 4. The trial court properly denied plaintiff a divorce.

The husband does not protest the amount of the modest attorney fee allowed, but he questions the right of the trial court to allow any fee in view of the divorce being denied. He relies on the rule declared in Stone v. Stone, Mo.App., 393 S.W.2d 201, 205, " * * * that alimony may not be awarded except as an incident to a decree of divorce." The ruling there pertained to a purported allowance of permanent alimony as did the holdings in Pfeiffer v. Pfeiffer, Mo.App., 33 S.W.2d 184; Butler v. Butler, Mo.App., 252 S.W. 734, 735; Mo.Digest, Divorce, ⬮231. However, the rule is inapplicable to an allowance of temporary alimony or alimony pendente lite. Waters v. Waters, 49 Mo. 385, 389. To hold otherwise would place a wife deserving of temporary support, pending divorce litigation, in the hazardous position of having to refund the allowance made if a divorce were denied. An allowance for the wife's attorney has been classified as alimony, Hogsett v. Hogsett, Mo. App., 409 S.W.2d 232, but it is in the nature of a temporary allowance and the rules applicable to alimony pendente lite must control. The determination of the necessity for and the propriety of making such an allowance has been called an independent proceeding and is considered not to be contingent upon the outcome of the divorce action itself. State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Dowling v. Dowling, 181 Mo.App. 675, 164 S.W. 643; Libbe v. Libbe, 166 Mo.App. 240, 148 S.W. 460. "It must be considered entirely apart from the merits of the case." Arnold v. Arnold, Mo., 222 S.W. 996, 1001. Further, it would be inconsistent with the obligations of the legal profession to hold that an attorney for the wife could retain the allowed fee if he lost her cause, but could not, if he properly represented her and happened to prevail. The motion for allowance of the attorney fee was made at the hearing on the merits. We held in Robbins v. Robbins, 138 Mo.App. 211, 119 S.W. 1075, that it is usually better to make temporary allowances early in the proceedings, but that suit money may be allowed on final hearing.

The statute, Section 452.070, V.A.M.S., provides application for such allowances may be made at any time "pending suit." The record here shows the cause was pending when the allowance was made. The trial court had evidence that the husband's earnings were more than twice those of the wife and we cannot hold he abused his discretion in making the allowance. The husband's argument he received nothing for his money makes it appropriate to repeat " * * * that the road to divorce should not be altogether a pathway strewn with roses." State ex rel. Gercke v. Seddon, supra.

The judgment is affirmed.

All concur.