**Mary WEHMEIER, Plaintiff-Appellant,**

**v.**

**Donald WEHMEIER, Defendant-Respondent.**

**No. 33381.**

St. Louis Court of Appeals.

Missouri.

Nov. 18, 1969.

Shaw, Hanks & Bornschein, by Joseph Howlett, Clayton, for plaintiff-appellant.

Gossom & Ruhland, by Fred A. Gossom, Clayton, for defendant-respondent.

CLEMENS, Commissioner.

The trial court granted a divorce and child custody to the defendant husband on his cross-bill and the plaintiff wife appeals.

■ In her brief Mrs. Wehmeier challenges neither the trial court's denial of her petition for divorce nor her prayer for child custody. She raises only two points: that the trial court erred in granting her husband the divorce since he was not an innocent and injured party, and that the decree was indefinite as to child custody. Although we review the case on both the law and the facts, our review will be limited to the two specific errors raised in appellant's brief. DeBow v. Higgins, Mo., 425 S.W.2d 135[2]; Lange v. City of Jackson, Mo.App., 440 S.W.2d 758[1].

The brief advances equity's clean-hands doctrine that a divorce petitioner must be free of misconduct that would give the other spouse grounds for divorce and the ensuing principle that "if both parties have a right to divorce, neither party has," citing Day v. Day, Mo.App., 433 S.W.2d 52[1–7]. Mr. Wehmeier accepts that principle but relies on its qualification that words and acts of reasonable retaliation are not wrongful, citing Jenkins v. Jenkins, Mo. App., 396 S.W.2d 268[2, 3]. These contentions pose a factual issue: did the husband commit acts giving his wife grounds for divorce—acts other than those of retaliation to the wife's wrongful conduct?

Since the issue of retaliation depends on the claimed misconduct of each party, a finding of facts is necessary. We need relate only the evidentiary highlights.

The parties lived together from 1957 to 1966, followed by two years' separation. Two sons were born, 9 and 10 years old at trial time. Mrs. Wehmeier was frequently sarcastic and critical of her husband. She had a violent temper and dozens of times assaulted him by kicking, biting, scratching and striking him with heavy objects.

Mrs. Wehmeier's housekeeping was inadequate. The house was generally in disarray, unclean and sometimes malodorous. Meals often consisted of food spooned out of cans. She did not keep the boys clean; she disciplined them harshly, sometimes using extreme physical force. She used liquor and barbituate drugs, sometimes to excess. She freely associated with other

men, frequently having them in the home when her husband was away.

■ Mrs. Wehmeier contends her husband was not an injured party, saying first that he associated with another woman. After the separation he did have several dates with a female acquaintance. They took rides in his car and went to picture shows, always with the Wehmeier boys present. We find no improper association in this evidence.

Mrs. Wehmeier contends her husband complained, cursed and yelled at her. He did complain about her housekeeping and treatment of the boys. His cursing was infrequent and only mildly profane and much of his alleged oral misconduct arose from her assaults upon him. She testified this was in self-defense, and only after he "pushed" her. Mr. Wehmeier testified her assaults were unprovoked except by arguments about her domestic misconduct. These assaults were more severe than her husband's conduct warranted.

■ We find that so much of Mr. Wehmeier's conduct as might be termed wrongful was provoked by Mrs. Wehmeier's own misconduct. Certainly his conduct did not give her grounds for divorce. He, not she, was the innocent and injured party. Compare Jenkins v. Jenkins, Mo.App., 396 S. W.2d 268[2, 3], and Pipkin v. Pipkin, Mo. App., 255 S.W.2d 66[2, 3]. The trial court did not err in granting the divorce to Mr. Wehmeier.

■ Mrs. Wehmeier attacks the decree as indefinite as to general child custody. Except for specified visitation with Mrs. Wehmeier, the trial court gave Mr. Wehmeier custody of the two boys "on the condition that their residence be in the home of the paternal grandparents." She now asks who would have custody if Mr. Wehmeier leaves his parents' home, or if they separate or move from Missouri. She contends these uncertainties make the decree unenforceable, citing Taylor v. Taylor, Mo.App., 367 S.W.2d 58[4–13], holding

only that an award of alimony must be definite in amount. The decree here is definite as to present custody. The trial court did not err in failing to make custody provisions to cover future contingencies. Should those conditions arise the trial court can modify the decree if the best interest of the children so require. Long v. Long, Mo.App., 280 S.W.2d 690[7].

The decree is affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.